JOHN C. LOGAN, Respondent, *v.* HENRY SMALL, Appellant.

1. *Jurisdiction — Probate and Common Pleas Court of Greene County — Construction of Statute.*—The apparent design of the thirteenth section of the act establishing a Court of Probate and Common Pleas in Greene county (Local Acts 1855, p. 59) was to provide the means of trying causes, where the judge of the Circuit Court was unable to do so because of disqualification, without sending them out of the county for that purpose. The term "any cause," contained in that section, is broad enough, at least, to embrace any civil cause; and such construction of it is in accordance with the apparent intent of the enactment.

*Appeal from Third District Court.*

*J. L. & J. R. Waddill,* and *Miller,* for appellant.

*Baker & Ellis,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This action is brought to recover the value of certain personal property of the plaintiff, alleged to have been taken from him

by the defendant, Small, and one Hill ( who was joined as a co-defendant), in September, 1861. The suit was by attachment. Hill made default, and Small answered, denying the averments of the petition.

The only testimony given on the trial related to a wagon, which the plaintiff testified was worth fifty dollars. There was no testimony tending to show that the property was worth more than that. The evidence tended further to show that Hill and Small removed from Missouri to Texas in 1861, traveling in company, and that Hill had this wagon in charge, representing that he acquired it from other parties, who claimed to have purchased it from plaintiff; that he took the wagon to Texas, where it was used for a year or two, and then abandoned, and that Small subsequently came into its possession, and sold it for thirty bushels of corn — valued at fifteen dollars — supposing the wagon to belong to a relation of his, who had moved away. There is no other evidence in the record connecting Small with the wagon.

The trial was by jury, and the court instructed them, as to the measure of damages, that if they found that Small sold the wagon in Texas, he was " liable for its value at the time he sold it, and six per cent. interest." This was the only instruction on this point. The jury returned a verdict in the plaintiff's favor for $168. The defendant in due time moved for a new trial, assigning as grounds for it that the verdict was against the evidence and the instructions of the court, and that the court had no jurisdiction of the action. There was also a motion in arrest. Both motions were overruled, and the defendant excepted.

We think the court erred in refusing a new trial, there being no remission of the evidently excessive damages. There is not the slightest evidence in the record conducing to show one hundred and sixty-eight dollars actual damages ; nor is there any averment in the petition, or evidence in the record, which warrants the awarding of exemplary or special damages.

We have no trouble with the question of jurisdiction. The act (Local Acts 1855, p. 59, § 13 ) establishing a Court of Probate and Common Pleas in Greene county provides that, " whenever the circuit judge of said county shall be disqualified from trying

any cause, the same shall be transferred to the Common Pleas Court" established by the act. In this case the judge of the Circuit Court where the action was pending was disqualified, having been of counsel for one of the parties, and the cause was therefore transferred to the Common Pleas Court, in accordance with the terms of the statute under consideration.

It seems to have been the purpose of the act, in this particular part of it, to provide the means of trying causes, where the judge of the Circuit Court was unable to do so because of disqualification, without sending them out of the county for that purpose. The term " any cause," contained in the thirteenth section, is broad enough, at least, to embrace any civil cause, and therefore to include this; and such construction of it is in accordance with the apparent intent of the enactment. The case of Franklin v. Vance *et al.*, 38 Mo. 476, to which we are referred, has no application here. That was a suit brought originally in the Common Pleas Court, and the decision involved a construction of the fourth section of the act, and had no reference to the thirteenth section; nor was the thirteenth section alluded to in the case. Here the Common Pleas Court acquires jurisdiction of the action by virtue of its being transferred there from the Circuit Court on account of the disqualification of the circuit judge. In our view there are no sufficient grounds for questioning the jurisdiction of the Common Pleas Court as regards this particular suit.

The judgment of the District Court affirming the judgment of the Common Pleas Court is reversed, and the cause remanded for a new trial. The other judges concur.