*644
 
 Allen, J.
 

 By the decisions and judgments in these actions the liability of municipalities for injuries received by individuals while in and upon the public streets, is extended beyond that recognized by any former adjudication.
 

 The city of New York, and all cities and villages having like powers, are, by the judgment of the court below, held responsible for the absolute safety of ah awnings and other structures above and extending over the streets or sidewalks, whether expressly permitted and allowed by the city authorities or only existing by mere sufferance, and to be insurers of all persons lawfully in and upon the streets against injury occasioned by the falling of any projecting structure.
 

 Whatever may be the extent and measure of the duties and corresponding obligations and liabilities of city governments in respect to erections, resting in whole or in part upon the street, and extending over parts of the public highway, or made to overhang it in any form when made and placed by individuals for their own convenience and the better enjoyment of then* lands adjoining the street, there were questions of fact which should have been submitted to the jury.
 

 The court, however, held that there was upon the undisputed facts, a clear legal liability resting upon the defendants, and that the only question for the jury was as to the compensation to which the plaintiffs were entitled.
 

 It was adjudged by the court, and as a rule of law, that the awning was improperly erected, and was defective and dangerous, and that it was culpable negligence in the city government to suffer it to remain in such imperfect and dangerous condition. It was not objected that the suffering and permitting any awning or structure of like character to overhang the streets, was a wrongful act on the part of the city authorities, but the complaint was, and the decision was placed upon the ground, that this particular awning was not properly constructed, and was dangerous by reason of defects peculiar to it.
 

 Upon this theory of corporate liability there were ques
 
 *645
 
 tions of fact arising upon the evidence which should have been put to the jury.
 

 The awning had been built several years before the accident by mechanics who were, so far as appears, in all respects competent to do the work. The timbers were of proper form and size. The frame was properly supported on the street front by posts firmly set in the ground near the outer edge of the sidewalk; it was fastened, resting upon cleats, to a brick and frame building adjoining the sidewalk, by nails driven obliquely into the wooden frame, and the whole was built as other awnings of the same kind were frequently built.
 

 About four months before the injury, some part of the frame work had been damaged by the running against it of a fire engine, and was repaired by a competent mechanic, who did what' he supposed necessary to restore it to its former condition and to make it safe.
 

 Within a day or two before its fall, there had been a fall of snow which would seem to have been unusual as to quantity and amount, and at the time of the accident there was a very heavy body of snow, weighing several tons, remaining upon it, having been suffered to accumulate and remain by the owner of the building, and that this fact was or could have been known to the authorities of the city so as to charge them in any view of the case with negligence in not causing the snow to be removed, is not claimed.
 

 The timbers and frame of the structure were sound, and there is no evidence that if there was any defect or imperfection in the repairs the year before the accident, they were patent or visible to any one.
 

 The objection is to its original construction, and only that it was not properly let into and supported by the building to which it was attached.
 

 Architects and carpenters, experts, testified that the frame was not supported in the safest and best manner on the side of the building, and that the manner in which it was supported and made fast was visible. So one testified that it was not reasonably safe, or such a structure as a man of ordinary
 
 *646
 
 prudence, or even a carpenter might not erect, or that it was not reasonably safe under ordinary circumstances, and without any extraordinary weight or pressure upon it. The jury might well have found upon the evidence that it was not negligent, a. want of ordinary care and prudence, to suffer and permit an awning to be erected precisely as this was erected; that there was no want of ordinary care and prudence in permitting the structure to remain in the condition of repair it was up to the time of its fall, and that the fall was not the result of decay or any inherent fault in its original construction, but was cajoed by an unusual fall and accumulation of snow within a day or two before the accident, and that the defendants had no notice that such accumulation had been suffered by the owner of the awning, and that there had not been a sufficient lapse of time after the fall of the snow to authorize a presumption that the city officials must have known of the accumulation. The jury might also have found, even if they had found that the awning had not been properly and safely constructed, that the defects were of such a character that it was not evidence of negligence or omission of duty in the city authorities to be ignorant of or to have overlooked the fact.
 

 The city authorities are not bound to be experts or skilled in mechanics and architecture, and can only be held to the extent of reasonable intelligence and ordinary care and prudence.
 

 A finding upon any of these questions in favor of the defendants would have entitled them to a verdict within well settled principles, and they were all open and debatable questions upon the evidence.
 

 A municipal corporation is not liable for injuries caused to individuals by obstructions on the highway not placed there by its own officials or by authority of the city government, until after actual notice of their existence, or until by reason of the lapse of time it should have had knowledge, and therefore actual notice may be presumed.
 
 (Mayor
 
 v. Sheffield, 4 Wall., 189;
 
 Colley
 
 v. Westbrook, 57 Maine R., 81;
 
 Hunt
 
 v.
 
 Brook
 
 
 *647
 

 lyn,
 
 85 Barb., 226;
 
 Griffin
 
 v. Mayor,
 
 etc., of New
 
 York, 5 Seld., 456.) The case does not show that the judge at circuit was asked to submit these questions in the form stated to the jury, but the counsel for the defendants was refused permission to go to the jury upon the question, whether the awning was constructed conformably to the city ordinance, and was subsequently weakened by an accident, the effect of which was so secret and hidden that it could not be discovered by an experienced workman employed to examine it and * repair it, and who did make such repairs as he considered necessary, and whether the injury was not caused by the weakness so accidentally and secretly superinduced, in conjunction with the deposit of snow. In substance, the request was to submit to the jury the question whether the fall of the awning was not occasioned by a secret defect resulting from the injury of the year previous, and which was not discern-able, and the unusual accumulation of snow upon it, and to charge that if the fact was found as suggested, the defendants were entitled to a verdict, and to the refusal of the judge to comply with this request there was an exception.
 

 The city ordinance was put in evidence on the trial, but is not found in the record. The only departure from the ordinances in the construction of the awning, as claimed by the counsel for the plaintiff, was in placing the outer supports two feet inside instead of at the curbstone, which was wholly immaterial so far as any question in the case is concerned, and that part of the request, therefore, has no significance. Upon the other branches of the request there was evidence proper for submission. The plaintiffs gave evidence of the previous injury to the awning frame and of the mode and manner in which it was repaired; that the part thus injured was the part that fell, and the testimony tended to show that although there were no outward indications of injuries not repaired, still that a weakness did in fact result from that injury which did contribute to the accident.
 

 This, with the evidence of the fall and accumulations of
 
 *648
 
 snow, bore directly upon the question of negligence and omission of duty charged against the defendants. The refusal to submit the question to the jury was error. The important questions involved in the action would have been more broadly presented and could have been better decided had the counsel for the defendants taken an exception to the ruling and decision of the learned judge, that upon the evidence and the undisputed facts the defendants were liable for the injuries sustained by the persons upon whom the awning fell, and that there was no question for the jury except as to damages, or by a motion for the dismissal of the complaint, on the ground that no cause of action had been proved against -the defendants. There are important questions involved in the actions, touching the liability of cities for injuries resulting from structures and projections of this character, but which are not clearly and distinctly presented upon this appeal.
 

 Although some of the questions that will necessarily arise are indicated by the record, they are not presented in a form to justify their consideration at this time.
 

 A second trial will more fully develop the facts and enable counsel intelligently to present the question. For the error suggested judgment must be reversed and a new trial granted.
 

 All concur.
 

 Judgment reversed.