SARAH R. HUBBARD *vs.* INHABITANTS OF FAYETTE.

Kennebec. Opinion July 1, 1879.

*Highway,—defect, and nature of. Injury,—claim for. Notice. Waiver. Stat. 1876, c. 97.*

The plaintiff's husband gave to the selectmen of the defendant town, within sixty days after her injury, the following notice: " Fayette, March 10, 1877. To the selectmen of Fayette, Gentlemen: I hereby notify you that my wife, Sarah R. Hubbard of Fayette, sustained an injury of a broken shoulder on account of a defect in the highway in Fayette on the 30th of January last near the southwest end of the Davenport road, so called. I hereby enter a claim against said town of Fayette for said injury for the sum of $200. John Hubbard, per B:" *Held,* that even if the husband was authorized to act for his wife, yet the notice was not sufficient.

I. It was not a notice by the plaintiff, or in her behalf, and presented no claim in her behalf.

II. It does not specify the nature of the defect.

*Held,* further, that an answer by the selectmen addressed to John Hubbard, denying any liability of the town to him, was not a waiver of a want of notice by the plaintiff, nor of the defects in the notice given.

ON REPORT.

ACTION OF CASE for an injury received on the highway in Fayette, January 30, 1877. To prove notice of her injury to the defendants, plaintiff produced a paper dated February 16, 1877, signed by her husband, John Hubbard, also a paper dated March 10, 1877, signed by said John Hubbard; also answer of the selectmen of defendant town dated April 13, 1877. It was admitted that said notices were delivered to the defendants within sixty days of the time the injury was received. For the purpose of enabling the parties to have the question of the sufficiency of the notices settled by the court without the expense of bringing their witnesses, the presiding judge ruled that said notices were not sufficient to entitle the plaintiff to maintain her action, and the parties agree that the case be reported for a decision of the law court. If the notices are sufficient on proof that plaintiff's husband was authorized to act for her, the action is to stand for trial, otherwise the plaintiff is to be nonsuit.

The notices and answer aforenamed are as follows:

" Fayette Feb. 16, 1877. I, John Hubbard, claim damages of

the town of Fayette for injuries which my wife received January 30th, in consequence of a defect in the highway near the mouth of the Davenport road so called.   John Hubbard."

" Fayette, March 10, 1877.   To the selectmen of Fayette, Me. Gentlemen :  I hereby notify you that my wife, Sarah R. Hubbard of Fayette, sustained an injury of a broken shoulder on account of a defect in the highway in said Fayette, on the 30th day of January last near the southwest end of the Davenport road so called.

" I hereby enter a claim against said town of Fayette for said injury for the sum of two hundred dollars ($200.00).   John Hubbard, per B."

" Fayette, April 13, 1877.   John Hubbard, Esq.   Dear Sir :— We have considered your case for damage against the town on account of the accident to your wife on the highway, and have decided that the town is not liable for damages sustained.

" By reference to chapter 97 of the acts passed in 1876, you will see that the town must have reasonable notice of the defect or want of repair in the road before the accident happened, or the claimant cannot recover.

" You will find by reference to chapter 206 of the acts of 1877, that a reasonable notice by saying that the municipal officers of the town must have twenty-four hours actual notice of the defect or want of repair, which we did not have.

" We can prove that on the morning of January 30th, there was no defect in the road at the place where you allege the accident to have taken place.   Yours with respect.   A. G. Underwood, E. Russell, W. G. Watson, Selectmen of Fayette."

*E. F. Pillsbury & J. H. Potter*, for the plaintiff, contended :

I. The notice is required for the benefit of the town and is not to be strictly construed.   The object of the notice is that the town may have opportunity to seasonably investigate the cause of the injury and the claim for damages before lapse of time and change of circumstances may render proof of the facts less attainable ; and further that the town may have opportunity to settle without suit if they see fit.   *Blackington* v. *Rockland,* 66

Maine, 332. *Sawyer* v. *Naples,* 66 Maine, 453. As to sufficiency of notice and its requirements, see opinion of Peters, J., in *Blackington* v. *Rockland, supra,* 334.

II. The defendants by their acts have waived the insufficiency of the notice if any existed, for in their negotiation with plaintiff (see their reply) they do not allude to any defect in the notice, but put their refusal to pay on other and distinct grounds. They are therefore estopped to set up or rely upon any defect or insufficiency in the notice. And having thus waived, the law assumes the notices to be correct, and will not listen to the defendants when they seek to show the contrary. *Blake* v. *Ex. Mut. Ins. Co.,* 12 Gray, 265. *Vas* v. *Robinson,* 9 Johns 192. *Etna F. Ins. Co.* v. *Tyler,* 16 Wend. 401. *Clark* v. *New England F. Ins. Co.,* 6 Cush. 342. *York* v. *Penobscot,* 2 Maine, 1.

III. John Hubbard was the duly authorized agent of plaintiff, and all that he did he did as such. The notice of March 10 was not his notice, given by him as such, but was the notice of another person, viz: his wife, given by her, through her husband, acting as her agent. *Reed* v. *Belfast,* 20 Maine, 247. *State* v. *Hewitt,* 31 Maine, 400. *Harwood* v. *Lowell,* 4 Cush. 310.

*O. D. Baker,* with *J. Baker,* for the defendants.

LIBBEY, J. To entitle the plaintiff to recover against the town it is incumbent on her, by act 1876, c. 97, to prove that she notified the municipal officers of the town, or some of them, within sixty days after receiving the injury, by letter or otherwise in writing, setting forth her claim for damages, and specifying the nature of her injuries and the nature and location of the defect which caused them.

She introduced in evidence two notices given to the selectmen of the defendant town, one dated February 16, 1877, the other dated March 10, 1877. It is unnecessary to notice the first as it is fatally defective in several respects, and the plaintiff's counsel do not rely upon it. The second reads as follows:

" Fayette, March 10, 1877. To the selectmen of Fayette, Me. Gentlemen: I hereby notify you that my wife Sarah R. Hub-

bard, of Fayette, sustained an injury of a broken shoulder on account of a defect in the highway in said Fayette, on the 30th day of January last, near the southwest end of the Davenport road, so called. I hereby enter a claim against said town of Fayette for the sum of two hundred dollars. John Hubbard, per B."

On April 13, 1877, the selectmen of the town sent a reply addressed to John Hubbard, in which they say "We have considered your case for damages against the town on account of the accident to your wife on the highway and have decided that the town is not liable for the damages sustained;" and they deny that there was any defect in the way at the place where the accident is alleged to have occurred.

The question presented by the report is, whether the notice is sufficient on proof that the plaintiff's husband was authorized to act for her. We think it is not.

I. It does not purport to come from the plaintiff or to be given in her behalf. It does not set forth her claim for damages; but it sets forth the claim of John Hubbard for damages by reason of the injury to his wife. There is nothing in it giving the municipal officers any notice that the plaintiff made any claim against the town on account of her injuries. Proof that her husband was authorized to act for her does not aid the notice; because by it he does not purport to act for her and sets forth no claim in her behalf.

II. It does not specify the nature of the defect. In this respect it is general. The statement is "by reason of a defect in the highway." It should have been sufficiently specific to call the attention of the municipal officers to the particular defect complained of.

But it is claimed that the reply of the selectmen is a waiver of the want of notice by the plaintiff, or of the insufficiency of the one given. If the selectmen, being public officers, can legally waive the statute requirement in this respect, in behalf of their town, which we do not intend to decide, we think it clear that they did not do it in this case. A reply denying any liability of the town to John Hubbard for the claim made against it by him, cannot be held to be a waiver of notice by the plaintiff of her claim

for which she brings this suit. *Veazie* v. *Rockland*, 68 Maine, 511.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.