HANNAH COHEN AND ABRAHAM COHEN, AS ADMINIS-
TRATRIX AND ADMINISTRATOR, ETC., OF PISCHAL COHEN,
DECEASED, RESPONDENTS, v. THE MAYOR, ALDERMEN
AND COMMONALTY OF THE CITY OF NEW YORK,
APPELLANTS.

*Liability of a city for granting, without authority, a license to keep a wagon on the
street — when it is not liable for the negligent exercise of that right by the licensee —
the negligence of the city is a question of fact.*

The city of New York granted to one Marks a license to place his business wagon
when not in use, in the street in front of his grocery store.  Marks kept the
wagon near the curb with the thills turned up and fastened with a string.  A
passing wagon struck the hind wheel of Marks' wagon, threw it around towards
the sidewalk, broke the string which held up the thills, thereby allowing them
to fall down upon and kill the plaintiffs' intestate who was passing upon the
sidewalk.  Upon the trial of an action, brought by the administrators of
the deceased to recover damages, the court submitted to the jury only the
question of the amount of the damages.

*Held,* that this was error.

That even if it were conceded that the city had no legal right to grant the license
to store the wagon on the street, yet the mere fact of granting the license did
not render the city liable for the damages occasioned by the negligence of the
persons acting under it; that the granting of the license was not the immediate
cause of the injury.

Where the injury clearly results from the negligent mode in which the licensee
exercises the privilege granted to him, which mode is no part of the license or
grant, there must be some proof of negligence showing permission to use or
acquiesce in the mode of use, after notice or knowledge thereof on the part of
the licensor.

The question of negligence in such a case is one of fact and should be submitted
to the jury.

*Hume* v. *Mayor* (74 N. Y., 273, and 47 id., 639) distinguished.

APPEAL from a judgment in favor of the plaintiffs, entered on the
verdict of a jury, and from an order denying a motion for a new trial,
made on the minutes of the justice before whom the action was
tried.

*D. J. Dean,* for the appellants.

*N. A. Chedsey,* for the respondents.

DAVIS, P. J.:

The appellants granted a license to the defendant Michael Marks to store his wagon, used by him in his business, when not in use, in front of his grocery store in Attorney street, in the city of New York. Under that license the defendant Marks was accustomed to keep his grocery wagon in the street next the curb in front of his store, and to turn up the thills of the wagon and fasten them with a string. The defendant Muller was driving his ice wagon rapidly through said street, and in passing the place where the wagon of Marks' was stored, he drove so as to hit the outer hind wheel of the wagon and throw it around so that the front of the wagon was toward the sidewalk, and the string which held up the thills was broken. The plaintiffs' intestate was at that moment passing on the sidewalk, and as the thills fell from the breaking of the string, they struck him with such force on his head as to cause his death. The plaintiffs, as his representatives, brought this action against the city, and Marks and Muller as jointly liable for the injury which caused the death of the intestate. Upon the facts shown the court directed the jury to assess the damages for the plaintiffs against all the defendants, and submitted no other question to the jury. The appellants excepted, and after a verdict was rendered moved for a new trial on the minutes of the court on the exception, etc., which motion was denied. The appeal is from both the judgment and the order denying the motion.

If it be conceded, as probably it must be, that the city had no legal right to grant the license to store or keep the wagon in the street, still its liability for the particular injury which caused the death of Cohen cannot, we think, be sustained upon proof of the mere fact of granting the license. That fact was not the immediate cause of the injury which resulted from the negligent driving of the defendant Muller and the insufficient manner in which the defendant Marks had tied up the thills of his wagon. If the thills had been securely and properly fastened up as they ought to have been, the fastenings would not have been broken by the blow which turned the wagon partially around and threw down the thills with such violence as to occasion the fatal injuries. To make the city responsible for the injury, some evidence tending to show knowledge on its part or notice in some form of the insecure or careless

mode in which the wagon was stored in the street must be shown. The license did not authorize the negligence which caused the death.

It was at most a remote but not an immediate cause of the injury; and it cannot be held as matter of law that the license authorized any such negligence as it is clearly apparent the defendant Marks was guilty of in his mode of using the privilege sought to be conferred by the license.

If notice or knowledge of the improper mode of tying up the thills had been brought home to the public authorities the case would fall within the principle of *Hume* v. *The Mayor* (74 N. Y., 273), and *Hume* v. *The Mayor* (47 N. Y., 639). The court at the trial held in substance that the city had no power to license the use of the street for the storage, and, that by illegally authorizing it, the city contributed to the creation of a public nuisance, and was, therefore, jointly liable with the other defendants for the injury without regard to the question whether the direct cause of injury was or was not some special negligence of the licensee to which the city made no direct contribution, and of which it had no notice or knowledge.

This, we think, was going beyond the established principles governing such cases, for it would follow from such a rule that every mistaken excess of power authorizing the use or occupancy of a public street would charge the city with liability for any and every act of negligence every person using the street might be guilty of.

We think the true rule in such cases is that where the injury clearly results from the negligent mode in which the licensee exercises the privilege granted to him, which mode is not part of the license or grant, there must be some proof of negligence showing permission to use, or acquiescence in the use of, the mode after notice or knowledge on the part of the licensor. If the authorities of the city knew that Marks was in the habit of negligently and insecurely tying up the thills of his wagon, it would be the duty of the city to require him to make them safe. The question of negligence in such a case is one of fact for the jury. The court took the question wholly from the jury without the consent of the appellant; so that if there were evidence in this case tending to show notice in any form to the city that Marks stored his wagon under the license in an unsafe and insecure manner, it was error to take the question arising upon such evidence

wholly away from the jury. It follows that the judgment, so far as it relates to the city and the order denying the new trial, must be reversed and a new trial granted as against the appellants, with costs to abide the event.

Daniels, J., concurred; Brady, J., dissented.

Judgment reversed, new trial ordered, costs to abide event.