By the Court. —Truax, J.
The defendant owes to the public the duty of keeping its streets in a safe condition for the use of travelers, and is liable in a civil action for special injury resulting to one using its streets in the usual manner, from neglect to perform this duty (Ehrgott v. Mayor, 96 N. Y. 264). But before the city can be held to be negligent, on account of a defect in its streets (not arising from their original construction, and not caused by the city, or by its duly authorized agents), or on account of an obstruction placed in its streets by a wrong-doer, either express notice of the existence óf the defect or obstruction that was the cause of the injury, must be brought home to the defendant, or such defect or obstruction must be so patent that the defendant could have found it out if he had used reasonable care and diligence (Mayor, &c. v. Sheffield, 3 Wall. 195 ; Griffin v. Mayor, 9 N. Y. 456; McGinity v. Mayor, 5 Duer, 674 ; Smith v. Mayor, 66 N. Y. 295). It therefore follows that the defendant can be held only for the damage sustained by the plaintiff through the neglect of the defendant, either in laying the pipes, or in keeping the street in proper repair after the pipes had been laid. The defendant was not negligent for the manner in which the pipes were laid, because they were not laid by the defendant or its authorized agents (Griffin v. Mayor, 9 N. Y. 461); nor was it negligent for not keeping its streets in repair, because there is no evidence that the defendant knew, or ought to have known, that the street was out of repair, or was likely to get out of repair (McKenna v. Mayor, 49 Super. Ct. 541; Masterton v. Mt. Vernon, 58 N. Y. 391). We cannot presume that the defendant had notice of a *202 latent defect in the street, when the defect was not made by it or under its direction, for the law does not require the authorities of the city to be experts, skilled in mechanics and architecture, but requires of them only reasonable intelligence and ordinary care and prudence (Hart v. City of Brooklyn, 36 Barb. 226 ; Hume v. Mayor, 47 N. Y. 639 ; S. C., 74 N. Y. 264).
The plaintiff’s exception is overruled, and judgment is ordered for the defendants, with costs.
Sedgwick, Oh. J., and Freedman,-J., concurred.