### FRANKEL *v.* CITY OF NEW YORK *et al.*

*(Supreme Court, Special Term, New York County.* October 3, 1888.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—NOTICE OF INJURY.

Laws N. Y. 1886, c. 572, providing that no action against a city, having 50,000 inhabitants or over, for damages for personal injuries caused by the negligence of the city, shall be maintained, unless notice of intention to commence the action, and of the time and place at which the injuries were received, shall have been filed with the counsel of the corporation within six months after the cause of action accrued, applies to New York city, although the consolidation act, § 1104, provides for giving notice of all claims against the city to the comptroller, and enacts that no action shall be maintained against the city until 30 days have elapsed since the claim was so presented; and notice of a claim for damages for personal injuries must be given to both the comptroller and corporation counsel.

2. SAME—OBSTRUCTIONS—NUISANCE.

The complaint alleged that the city negligently suffered the alleged obstruction and nuisance to remain upon the street after notice of its existence. *Held,* that the action was for the city's negligence, and not for damages caused by the existence of a nuisance, as, after notice, the city was negligent in not removing the obstruction.

Action to recover damages for personal injuries. On demurrer to a portion of the answer.

*Kaufman & Sanders,* for plaintiff. *Henry R. Beekman,* for defendant.

PATTERSON, J. This action is brought to recover damages for personal injuries sustained by the plaintiff, as appears by the complaint, under the following circumstances: For more than a year prior to July 1, 1887, an inclined iron grating or slide projected about five feet in front of certain premises in Franklin street, in the city of New York; and, as is alleged, formed an unlawful obstruction of the street, and a public nuisance removable by the city. The slide was used in connection with a hoistway in the building to which it was appurtenant. The city had due notice of the existence of the alleged obstruction before May 1, 1887, and it is claimed was guilty of negligence contributing to the injury in not causing the slide or grating to be removed. On the 29th day of June, 1887, the plaintiff, while passing along Franklin street, was struck and knocked down by a heavy packing case, which was then being drawn along the slide to the hoistway by means of a rope and chain attached to a windlass in the hoistway; the rope or chain breaking, and the package thus being released, and falling down the slide upon the plaintiff, and severely injuring him. The complaint also contains allegations charging the owners or occupants, lessees, of the property, with negligence; and then sets forth the giving of notice to the comptroller, as required by the consolidation act, of the claim of the plaintiff. The defendant, the mayor, etc., answered separately; and, among other things, set up, as a distinct and specific defense, the following: "(5) Further answering said complaint, these defendants allege that the city of New York at all times was, and now is, a city of over 50,000 inhabitants; that notice of the intention to commence an action for the personal injuries alleged to have been maintained by the plaintiff, and of the time and place at which the said alleged injuries were received, was not filed with the counsel to the corporation of the city of New York within six months after the cause of action accrued." To this fifth defense of the city the plaintiff has demurred, on the ground that it does not constitute a defense to the plaintiff's cause of action.

This specific defense was evidently interposed by the city to meet a case of personal injuries resulting from negligence of the defendant, and it is founded

upon chapter 572 of the Laws of 1886, which enacts that no action against a city having 50,000 inhabitants or over, for damages for personal injuries alleged to have been caused by the negligence of such city, or its agents or employes, shall be maintained, unless the same shall be commenced within one year from the accruing of the cause of action, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel or other proper law officer of the municipal corporation within six months after the cause of action accrued. It is claimed in support of the demurrer that this act of 1886 does not apply to the city of New York, and this is inferred from the fact that by section 1104 of the consolidation act provision is made compelling the giving notice of all claims against the said city to the comptroller, and enacting that no action or special proceeding shall be prosecuted or maintained against the city unless it shall appear by allegation in the complaint that at least 30 days have elapsed since the claim upon which the action or special proceedings is based has been presented to the comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for 30 days after such presentation. If the subject and purpose of the act of 1886 were identical with the object sought to be accomplished by section 1104 of the consolidation act, there might be some ground for the plaintiff's present contention; but it is apparent that by section 1104 it was intended that the city should have an opportunity to adjust and pay claims against it without action, and to compel a claimant to give such opportunity, while by the act of 1886, in a particular class of claims, to-wit, those for damages for personal injuries arising from negligence, something additional was to be accomplished, and that is that the proper law officer of the corporation should, within a specified time, be notified of the intention to commence the action, and of the time and place at which the injuries were received. This view of the two statutes has been taken by the general term of the court of common pleas, (*Meyer* v. *Mayor, etc.,* 12 N. Y. St. Rep. 674;) Judge DALY, for the court, saying: "The object of the enactment in question (chapter 572, Laws 1886) * * * is to enable the counsel to the corporation to make such inquiries into the circumstances of any accident, which is to be made the basis of an action against the city, as may be necessary to prepare a defense to such action. It is an enactment of a different character from that which requires the presentation of the claim to the comptroller at least thirty days before the commencement of the action. Consolidation Act, § 1104. The object of the latter statute, as appears from its terms, is to give an opportunity to the financial officer of the city to examine the validity of the claim presented, and by adjustment or payment thereof to avoid the expense of action."

But it is urged on behalf of the plaintiff that the action is not for negligence, but for damages caused by the existence of a nuisance; and that, therefore, the act of 1886 does not apply, as in terms it is limited to actions arising from negligence. The complaint does not sustain this contention. It is not charged that the alleged nuisance was created by the city, or its officers or employes, but that the city negligently suffered it to remain after notice of its existence. The city is not liable for injuries caused by obstructions placed in the highway by third parties until after notice, actual or constructive. *Hume* v. *Mayor, etc.,* 47 N. Y. 639. Upon such notice being given, it becomes the duty of the city to remove the obstruction, or cause it to be removed. Failing to do this is negligence. As against the other defendants, a cause of action is set forth, based upon the placing of a nuisance in the highway. Their liability arises independently of negligence. *Congreve* v. *Smith,* 18 N. Y. 79; *Congreve* v. *Morgan,* Id. 84; *Irvine* v. *Wood,* 51 N. Y. 224. But as to the city it would be responsible on the theory of its negligence. No question has been made upon the pleadings other than those here considered. The demurrer is overruled, with costs.