### SELIGER v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. June 23, 1904.)

1. MUNICIPAL CORPORATIONS—ACTION FOR INJURIES—NOTICE—STATUTE.

Under Laws 1886, p. 801, c. 572, providing that the plaintiff in an action against a city for personal injuries shall file notice of claim with the comptroller, and a notice of intention to sue with the corporation counsel, a notice must be filed as to each claim, and hence a parent, in an action for injury to his infant son, cannot rely on the notice filed on behalf of the son.

2. SAME.

Where the giving of the notice required by Laws 1886, p. 801, c. 572, providing that plaintiff in an action against a city for personal injuries shall file notice of claim with the comptroller, was denied by defendant in an action against the city by a parent for injuries to his infant son, the failure of the plaintiff to offer any proof of compliance with the statute is fatal to recovery.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Louis Seliger against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

John J. Delany, for appellant.

George H. Epstein, for respondent.

SCOTT, J. This is a parent's action for the damages sustained by him in consequence of an accident to his infant son. This action and that by the infant himself were tried together upon the same testimony, and at the opening of the case a motion was made to dismiss the complaint in this action, upon the ground that the plaintiff had failed to comply with the provisions of chapter 572, p. 801, Laws 1886, which requires the plaintiff to file a notice of claim with the comptroller, and a notice of intention to sue with the corporation counsel. The decision on this motion was reserved at the time, but it must have been denied, since a judgment was ultimately rendered in favor of the plaintiff. The complaint alleged that Benjamin Seliger (the infant son) had presented the claim upon which this (the father's) action is based for adjustment, and also alleged generally that the plaintiff had duly complied with the provisions of chapter 572, p. 801, Laws 1886. These allegations were put in issue by the answer, and no proof to sustain them was offered. The plaintiff apparently relies upon a claim filed by or in behalf of the infant for the damages suffered by him, the filing of which is substantially admitted in the infant's action. This claim cannot avail the plaintiff, for two reasons: First, because the father's claim and that of the infant are quite distinct, and founded upon quite different considerations. The filing of a claim with the comptroller is to afford him an opportunity to make a settlement in behalf of the city, and thus avoid litigation. Frankel v. The Mayor, etc., 2 N. Y. Supp. 294. Unless a notice is filed as to each claim, the purpose of the statute is defeated. The second objection to plaintiff's contention is that he cannot in this action avail himself of an admission in a pleading in another action between different parties. So far as he was concerned, the giving of the notice was denied, and he was advised at the very opening of the trial that the objection that no notice had been given would be insisted upon. He failed to offer any proof of notice, and therefore was not entitled to recover.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.