ARLIE G. DOHRING, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT.—71 S. W. (2d) 170.

Kansas City Court of Appeals.  April 2, 1934.

*Atwood, Wickersham & Chilcott* for respondent.

*George Kingsley,* City Counselor, and *John J. Cosgrove,* Assistant City Counselor, for appellant, City.

BLAND, J.—This is an action for damages, suffered by plaintiff as the result of the loss of services, and expenses of his wife, who was injured on February 4, 1930, by falling upon an icy sidewalk in Kansas City. There was a verdict and judgment in favor of plaintiff in the sum of $2000, and defendant has appealed.

The facts show that no written notice of her injury was given to the city by the wife, save that furnished by the filing of a suit by her on February 28, 1930, within ninety days after she fell, and the service of a copy of the petition therein upon the city. Plaintiff herein, at no time, gave any notice of any kind to the city but in order to show compliance, on his part, with Section 7493, Revised Statutes 1929, requiring that notice, under certain circumstances, be given the city, he introduced, over the objection of the defendant, the petition in his wife's case. It is undisputed that this petition contained all of the essentials of the notice required by the statute, so far as the claim of the wife was concerned. The statute in question reads as follows:

"*No action shall be maintained* against any city of this State which now has or may hereafter attain a population of one hundred thousand inhabitants, *on account of any injuries growing out of* any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, *until notice shall first have been given* in writing to the mayor of said city, within ninety days of the occurrence for which *such damages* is claimed, stating the place where, the time when *such injury* was received, and the character and circumstances *of the injury, and that the person so injured will claim damages therefor from such city.* (Italics ours.)

It is claimed by the defendant that its instruction in the nature of a demurrer to the evidence should have been given for the reason that no notice, such as is required by the statute, or, in fact, any kind, was given by plaintiff. In answer to this contention plaintiff insists that if it were necessary to give the city notice, in order for plaintiff to maintain his action, the notice given by his wife was sufficient. We are unable to agree with plaintiff's contention. The rule regarding the requirements of this statute is well stated in Reid v. Kansas City, 195 Mo. App. 457, 460, 461, as follows:

"Notice to the city, in substantial compliance with the above statutory requirements, is a condition precedent to the maintenance of the action. . . . Those statutory requirements are (1) that the notice must be in writing (2) it must be given to the mayor, (3) within ninety days from the injury, and it must state with reasonable certainty, (4) the place where (5) the time when such injury was received, (6) the character and circumstances of the injury, and (7) *that the person* so injured *will claim damages* therefor from the city.' And a notice, even if given to the mayor within the ninety days, which fails to state or omits any one of the remaining four requirements, is insufficient.''

In the case at bar the notice furnished by the wife in her petition against the city did not intimate that plaintiff herein would claim damages as a result of the injuries to his wife and it, therefore, did not comply, as far as this plaintiff is concerned, with requirement seven laid down in the Reid case, even had it, can it be said to have met the other requirements set forth therein? The petition in the wife's case not only failed in this respect but it did not even intimate that she was a married woman.

In the case of Hubbard v. Fayette, 70 Me. 121, the husband gave the notice and not the wife, who sued. The court said, l. c. 124:

"It (the notice) does not purport to come from the plaintiff or to be given in her behalf. It does not set forth her claim for damages; but it sets forth the claim of John Hubbard for damages by reason of the injury to his wife. There is nothing in it giving the municipal officers any notice that the plaintiff made any claim against the town on account of her injuries. Proof that her husband was authorized to act for her does not aid the notice; because by it he does not purport to act for her and sets forth no claim in her behalf.''

The case of Seliger v. City of New York, 88 N. Y. Supp. 1003, was one by a parent for damages sustained by him in consequence of an accident to his infant son. A claim was filed by or on behalf of the infant son for damages suffered by him. None was filed by the father. The court said, l. c. 1004: "The filing of a claim with the comptroller is to afford him an opportunity to make settlement in behalf of the city, and thus avoid litigation. . . . Unless a notice is filed as to each claim, the purpose of the statute is defeated.'' [See, also, City of Birmingham v. Chestnut, 161 Ala. 253, 256; McKeague v. City of Green Bay (Wis.), 82 N. W. 708; Sargent v. Gilford, 66 N. H. 543.] That one of the purposes of the notice is to give the city an opportunity to adjust the claim without litigation is well settled in this State. [See Ogle v. Kansas City, 242 S. W. 115.] How is the city to adjust a claim when none has been made?

We have examined the cases cited by plaintiff and find them not in point. In the case of Wright v. City of Omaha (Neb.), 110 N. W. 754, the court said, l. c. 755: That the statute requiring the giving of

notice "nowhere required that the notice shall state that the party giving the same will claim damages." As already pointed out our statute specifically makes such a requirement. In the case of Peck v. Fair Haven & W. R. Co. (Conn.), 58 Atl. 757, cited by the plaintiff, the court said, l. c. 758:

"The section does not provide that the notice shall contain a statement of the character or amount of the claim of the injured person for damages, nor that a claim for damages is, or is intended to be made; nor is it expressly provided that the notice must be given by the injured person."

It will thus be seen that the Connecticut statute is worded differently than ours. In Davis v. City of Seattle (Wash.), 79 Pac. 784, the wife was injured but the husband gave no notice, it having been given by her, alone. She afterwards brought suit and, later, the petition was amended to include her husband as a party plaintiff. Under the law of Washington damages resulting from an injury to the wife are community property and the husband is the party authorized to prosecute the action. The court held that the wife could present a claim on behalf of the community for damages for personal injuries sustained by herself. In Missouri the wife's and the husband's suit is separate and distinct, they each sue in their own right and there is no privity, even, between them. [Womach v. St. Joseph, 201 Mo. 467.] We are unable to see any similarity between the Washington case and the one at bar.

However, it is claimed that our statute makes a distinction between an injury done to the person directly receiving it (that is, injury to absolute rights) and one to relative rights, such as those resulting in damages to a husband as the consequence of a personal injury to his wife and, therefore, the statute required no notice be given *by anyone* in order for the husband to prosecute this suit.

The word "injury" has more than one meaning. Technically, "it means a wrongful invasion of a legal right," "an actionable wrong," "and is not concerned with the hurt or damage resulting from such invasion." [32 C. J., p. 516; see, also, Myers v. City of Independence, 189 S. W. 816, 823.]

"In common parlance, however, it is used broadly enough to cover both the *demnum* and the *injuria* of the common law, and at this day its common and approved usage extends to and includes any hurtful or damaged effect which may be suffered by anyone. It is often used in statutes and other instruments, not in its technical legal sense but in its popular and usual sense." [32 C. J., p. 516; see, also, Johnson v. Railroad Co., 140 N. C. 574.]

We think there is no question but that the word "injury" appearing in the statute now before us was used by the Legislature, not in a technical sense but in the usual meaning, that is, in the sense of "hurt" or "damage" and includes damages or injuries resulting to

relative rights as well as direct injuries or injuries to absolute rights. [See Sharkey v. Skilton, 83 Conn. 503, 510.]

From a study of the statute we are impressed with the fact that it has been carefully worded though, perhaps, it is not technically perfect from that standpoint. It speaks of "injuries" and "damages." It does not use the words "personal injuries" or "injuries to the person." Where it first speaks of "injuries" it does not say "direct injuries" or "persons receiving injuries," but says "no action shall be maintained . . . on account of any injuries growing out of any defect in the condition of any bridge," etc. The words "on account of" are equivalent to the words "as a result of" or "having as a basis for." The word "any" is equivalent to "every" or "all." [Southern Ry. Co. v. Gaston Co. (N. C.), 158 S. W. 481; Logan v. Small, 43 Mo. 254.]

In the case of Palmer v. Cedar Rapids, 165 Ia. 595, the statute covered "actions founded on injuries to the person," etc. The court said, l. c. 600:

"The words 'founded on' mean 'to serve as a base or basis for,' and we do not necessarily import a direct injury to the person bringing the suit. Again the propriety or necessity for such a notice is as great whether the action be for direct injuries or be to relative rights based upon an injury to the person of another, and the mischief aimed at in the statute is as great in one case as the other."

In the case of Nichols v. City of Minneapolis, 30 Minn. 545, the statute read as follows:

"No action shall be maintained against the city of Minneapolis on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, unless such action shall be commenced within one year from the happening of the injury, nor unless notice shall have first been given in writing to the mayor of said city, or to the city clerk thereof, within thirty days of the occurrence of such injury or damage, stating the place and the time when such injury was received, and that the person so injured will claim damages of the city for such consequence thereof, . . ."

In that case the suit was for an injury to plaintiff's horse caused by a defect in the street of defendant. No notice was given to the city and the court said, l. c. 546, 547:

"The phrase 'on account of any injuries received by means of any defect,' etc., includes as well injuries to property as to persons; and to hold the subsequent phrase, 'and that the person so injured' (perfectly correct language to use in respect to one injured in his property), as qualifying the former phrase, would be a strained construction."

In support of his contention plaintiff cites Cruenberger v. Chicago City Ry. Co., 189 Ill. App. 534; Gatzow v. Buening et al. (Wis.), 81

N. W. 1003, and Wysocki v. Wis. Lakes Ice & Carthage Co. (Wis.), 104 N. W. 707. In the Gruenberger case the statute did not provide that notice be given of "any injuries" (the words used in our statute), but that notice should be given by a person about to sue the city "for personal injuries." In the other cases the statute provided that notice be given by the party damaged in actions to recover damages for an "injury to the person." In the Wysocki case the father was suing to recover damages for the loss of services and for medical attendance, etc., suffered by reason of an injury to his son. Plaintiff gave no notice. Defendant insisted that notice was necessary under that part of the statute providing that notice be given "for an injury to the person." The court discussed the peculiar wording of the statute and said that it did not cover an action of the kind before it. See, also, the Gatzow case, supra, where it was held that injuries to the person mean bodily injuries. We find cases apparently in conflict with these, unless a distinction can be made on account of the peculiar wording of the statutes involved. [See Maxson v. D. L. & W. R. R. Co., 112 N. Y. 559, 561, and Kellog v. Mayor, etc., of City of N. Y., 44 N. Y. Supp. 39.] In the Kellog case the statute applicable to giving notice referred to actions "to cover damages for personal injuries resulting from negligence," and it was held, l. c. 40, that the statute applied to "every case where the action was founded on the fact of an injury to the person, accompanied by negligence, whether the person was that of the plaintiff, or of any other individual for whose injury the plaintiff was entitled to bring action." "The words 'injuries to the person' have been judicially held to include injuries to the relative rights of persons as well as injuries to their absolute rights." [32 C. J., p. 520.] We are not called upon to discuss the apparent conflict between these authorities for the reason that we think none of them are directly in point, as our statute does not use the words "personal injuries" or "injuries to the person."

We have examined the case of Relyea v. Tomahawk P. & P. Co. (Wis.), 78 N. W. 412; Meisenheimer v. Kellog (Wis.), 81 N. W. 1033, and similar cases cited by plaintiff and find them not in point. These cases involved notice statutes which were held to be statutes of limitations and it was decided that the burden was upon the defendant to plead and prove matters relative to the notice. While these cases have no bearing on the case before us, it will not be amiss to again say that the giving of the notice under our statute is a condition precedent to the maintenance of the action. [Reid v. Kansas City, supra; Shuff v. Kansas City, 257 S. W. 844.] This court decided nothing in reference to the point involved in the case at bar in Towle v. St. Joseph, 185 S. W. 1151, and Roy v. Kansas City, 204 Mo. App. 332.

We are not unmindful of the rule laid down in the Missouri cases

cited by plaintiff to the effect that the statute in question is in derogation of the common law permitting persons to sue without notice, and should be strictly construed. [See Wolf v. Kansas City, 246 S. W. 236, 240.] However, we feel that the wording of the statute is clear and susceptible to but one interpretation and that there is no room for its construction. It plainly requires notice by the party not only directly receiving the injury but by those suing upon causes of action based upon relative rights.

The judgment, therefore, should be reversed and it is so ordered. All concur.