EDWIN MAXSON, Respondent, *v.* THE DELAWARE, LACKAWANNA
AND WESTERN RAILROAD COMPANY, Appellant.

The provision of the Code of Civil Procedure (§ 383, sub. 5), prescribing
a limitation of three years for the commencement of an action for a
"personal injury resulting from negligence," applies to a cause of action
by a husband for loss of services of his wife because of personal injuries
to her caused by defendant's negligence. (Code, § 3343, subs. 9, 10.)
*It seems* that said provision applies to every case where the action is founded
on the fact of an injury to a person, occasioned by negligence, whether
the person is that of the plaintiff or of any other individual for whose
injury he is entitled to bring an action.
*Cregin* v. *B. C. R. R. Co.* (83 N. Y. 595) distinguished.
*Maxon* v. *D. L. & W. R. R. Co.* (48 Hun, 172) reversed.

(Argued January 29, 1889, decided March 9, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made April 14, 1888, which modified by permitting defendant
to amend his answer, and affirmed, as modified, a judgment in
favor of plaintiff entered upon an order sustaining a demurrer
to plaintiff's complaint. (Reported below, 48 Hun, 172.)

The nature of the action and the facts are sufficiently stated
in the opinion.

*Charles J. Bissell* for appellant. The three-years limitation
is a good defense to an action to recover damages for a negli-
gent injury to the person of a plaintiff or to the person of his
wife, servant or minor child. (Code, §§ 380, 382, 383,
subd. 5; Laws of 1877, chap. 416; *Webber* v. *H., etc., R. R.
Co.,* 109 N. Y. 311.)

*F. C. Peck* for respondent. Plaintiff's right to the services
of his wife was a right of property, and any act of another,
whether done intentionally or tortiously, that lessened, impaired
or deprived the plaintiff of such right was an injury to his
property rights, and was in no sense an injury to his person.
(*Groth* v. *Washburn,* 34 Hun, 509; *Cregin* v. *B. C. R. R. Co.,*

75 N. Y. 192; 83 id. 595.)   The answer demurred to being to the entire cause of action alleged in the complaint, was too broad and was demurrable for the reason that as to a part of such action it was for an injury to property which could be brought within six years.

GRAY, J. The question presented by this appeal is whether the action was barred, because it was not commenced within three years after the cause of action accrued.   It was brought to recover damages, alleged by plaintiff to have been sustained by him in the loss of his wife's services, and of the comforts of her society, as the result of injuries inflicted upon her through the negligence of the defendant.   The second defense, set up in defendant's answer, was that the cause of action alleged in the complaint did not accrue " within the three years next preceding the commencement of the action."   To this defense plaintiff demurred.

The General Term, in affirming the judgment of the Special Term, which sustained plaintiff's demurrer, in their opinion held that, in so far as the plaintiff's cause of action was for the loss of his wife's services, it was an injury to property and could be brought within six years.   We think they were in error and that the defense interposed was complete. Section 382 of the Code of Civil Procedure prescribes a limit of six years for the commencement of " an action to recover damages for   *   *   *   a personal injury, except in a case where a different period is expressly prescribed in this chapter."   Such an exception is found in the following section of the Code (§ 382, subd. 5), where a limit of three years is prescribed for the commencement of " an action to recover for a personal injury *resulting from negligence.*"

It might be supposed that the reading of these two sections would suffice for the conclusion that, where a cause of action existed for damages, in any way suffered by reason of an injury to the person through another's negligence, in order to escape the statutory defense of delay, it must be acted upon within the period of three years prescribed by section 383.

But the opinion of the able judge at General Term, and the authority, which he relies upon, in the case of *Groth* v. *Washburn* (34 Hun 509), are of such weight as to require some discussion of the question. In *Webber* v. *Herkimer, etc., R. R. Co.* (109 N. Y. 311) we held that where the source of the personal injury complained of is in the negligence of the defendant, the action must be commenced within three years, and that in all such actions against carriers of passengers, the liability of the defendant is based solely upon negligence.

In this case there is no question but that the gravamen of the plaintiff's complaint is the alleged negligence of the defendant, or of its servants, by reason of which his wife received bodily injuries, of such a character as, in addition to causing her pain and suffering, disabled her from performing such services as a husband may be presumed to be entitled to on the part of his wife. The law gives to the husband, to the parent and to the master, a right of action for any injury to the wife, child or servant, when caused by the actionable acts of another, *per quod servitium amisit*. This fiction of the law, which sustains such an action against others, is not without its admirable features, inasmuch as it gives a remedy for an injury to domestic rights, and serves as a check upon their molestation. At the bottom lies the personal injury suffered by the plaintiff, and when it is suffered through the negligent conduct of the defendant towards the individual, whose relation to the plaintiff gives rise to the right to maintain the action, it is difficult to understand the argument that the limitation of time prescribed in section 383 does not apply. It is certainly a "personal injury resulting from negligence" in the defendant. To hold that the sense of these words is in their application to the body of the plaintiff, seems as much a narrowing of the ordinary import of language, as it is really contrary to the interpretation which we find given elsewhere in the Code.

By reference to subdivision 9 of section 3343, in the chapter of definitions in our Code, we find that a "personal injury"

is "an actionable injury to the person, either of the plaintiff or of another." This provision was derived from the second section of chapter 449 of the Laws of 1876. As originally enacted there, a personal injury was "an actionable injury to the person of the plaintiff, or of his or her wife, husband, child or servant." It is evident that the legislature, in enacting subdivisions 5 of section 383, whereby a limitation of three years is prescribed for the commencement of an action for a "personal injury resulting from negligence," has intended it to apply as well to actions growing out of an injury to the body of any of the persons enumerated in the section of the act of 1876 mentioned, as to the plaintiff's own body. In the absence of language in the provisions of the Code justifying it, we can see no reason for classifying separately, with respect to the chapter of limitations, those actions for a personal injury resulting from negligence, which die with the plaintiff's death and those which survive to the administrator. Actions to recover damages for a personal injury must be commenced under the Code within six years, in all cases; except that for a personal injury resulting from negligence the limitation of time is three years, and for libel, slander, assault, battery or false imprisonment it is two years. How can the fact that the personal injury complained of has brought about a diminution of or loss to one's estate, by reason of the expenses incurred or services lost, affect the question of limitation, if that injury resulted from defendant's negligence? The Code does not make the distinction.

In endeavoring to separate the cause of action and to bring that portion which rests on the loss of services within the statutory limitation of six years, it is impossible to overcome the difficulty in the way of the endeavor, that the action arose out of the defendant's negligence and thus is comprehended within the provision of section 382. But, further, it may be added that though in an action for damages for an injury to property a limitation of six years is imposed, yet by reference, again, to the chapter of definitions, we find in subdivision 10 of section 3343 that the legislature has excluded from the

class of actions based on an injury to property actions arising out of a personal injury; for it reads, "An injury to property is an actionable act whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." I am not able to read that language in any other sense than that, when it is brought to recover on a cause of action based upon an injury to property, a cause of action based on a personal injury is not to be deemed included. The General Term below have relied upon the case of *Cregin* v. *Brooklyn, etc., Railroad Company* (83 N. Y. 595). What was decided there was that in an action for a wrongful injury to the person of plaintiff's wife, whereby he suffered damages in the loss of her society and services and in the attendant expenses, upon his death the right of action survived and vested in his administrators as to the damages for loss of services, etc., but abated as to damages for the loss of her society and its comforts. It was held in that case that though the plaintiff's cause of action was single in one sense, his right to damages therefor was compound and consisted of diverse elements and became separable upon his death as to the pecuniary loss by which his estate had been diminished. But no inference or conclusion is to be drawn from the decision of the court in that case, that, because the personal injury complained of caused a diminution in the plaintiff's estate, the action was converted into one for an injury to property. It is authority for the proposition that, in so far as the cause of action, based on the personal injury, is separable in its elements of damage, as to that damage which is tangible, in the sense that it is appreciable by those interested in the administration of the estate, *pro tanto*, the cause of action, though growing out of a personal injury, may be continued, under the statute, by the administrator.

It would be an anomalous condition of the statute law, if while an individual would be limited in his right to bring an action for an injury to his body, resulting from the defendant's negligence, to the period of three years, as to all elements of damage, yet, if another, to whom the right might appertain

to maintain an action for that same injury, sues, the time is enlarged to six years, on the theory that it was an injury to property. We do not find support for such a construction of the statute, and we do not believe any such condition of things was intended by the legislature. The language of the Code, in the fifth subdivision of section 383, is broad enough to cover every case where the action is founded on the fact of an injury occasioned to a person by negligence, whether the person is that of the plaintiff, or that of another individual, for whose injury the plaintiff is entitled to bring the action. The result of the injury, in either case, comprehends a loss to the estate, as well as bodily suffering and discomfort; and shall we say that where the loss to the estate arises to the plaintiff from the injury to the person of another a different rule as to limitation of time governs? In this case the wife's right to sue the defendant was lost by the lapse of three years; but it is proposed to give to the husband a right to maintain an action on the same ground and on the same proofs, but for the loss of her services, for six years from the time it accrued. We cannot concur in any such conclusion, and we think such an interpretation of the law to be unsound.

The judgment of the General Term, affirming the judgment of the Special Term sustaining the demurrer, should be reversed, and the demurrer overruled, with costs in all the courts to the appellant.

All concur.

Judgment accordingly.