WILLIAM D. MANDEVILLE, Appellant, *v.* DARIUS A. NEWTON, as Executor, etc., Respondent.

Where upon trial before a referee, evidence is received and a question of fact is litigated, without any objection that the fact is admitted and the evidence is inadmissible under the pleadings, the referee is justified in refusing to find in accordance with the alleged admissions, and in determining the question upon the evidence.

*It seems* that on a purchase of promissory notes, appearing on their face to be valid and uncancelled obligations, but which in fact have been paid, or the indorsers upon which have been discharged to the knowledge of the vendor, the vendee, in case he purchased without notice, has a cause of action against the vendor, based upon an implied warranty that the notes were what they appeared to be.

Where, however, a party holding certain notes, with other indebtedness against the maker, and holding certain claims as collateral security therefor, and who had made various collections on the collaterals, sufficient to pay the notes, but which had not been applied in payment of any specific items of indebtedness, at the instance of the debtor, and on payment of the balance due him, assigned his claims and transferred the notes with the collaterals to another creditor, without any express warranty that the notes were valid outstanding obligations, *held*, that no warranty could be implied.

(Argued December 4, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday in June 1888, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The complaint alleged, in substance, that Marvin, defendant's testator, was the owner and holder of four promissory notes,

one made by Francis N. Whitcomb, the others made by D. Rawson & Co., all of which were indorsed by the payees, and the payment of one of them was guaranteed; that plaintiff, induced by the representations of said Marvin, that the said notes were unpaid and that nothing had occurred to discharge the indorsers or the guarantor and that they had no defense thereto, purchased said notes, paying said Marvin in full for the same, whereas, in truth, the notes had been paid in full and indorsers and guarantor fully discharged.

The answer admitted that at the time stated in the complaint Marvin owned the notes specified; that Whitcomb was the surviving partner of D. Rawson & Co.; that at a time prior to the alleged transfer to plaintiff, said Whitcomb individually and as surviving partner, being indebted to Marvin upon said notes and various other claims, assigned and transferred to him certain personal property, claims and demands, under the agreement that the proceeds of collection should be applied upon such indebtedness, and if a sufficient amount was collected to pay the same, Whitcomb should be discharged and released; that at the time stated in the complaint Marvin had made various collections on the collaterals, and upon representations made by plaintiff that Whitcomb was indebted to him, and on payment of the balance due Marvin, the latter delivered to plaintiff the said notes and assigned to him the uncollected accounts, etc., so held as collaterals, a portion of which were good and collectable; that Marvin notified plaintiff, at the time, of the arrangement under which he held the collaterals. Defendant denied the making of any representations or warranty, " or that he made any other or different transfer of said notes than as herein stated."

Evidence was received on the trial, without objection, as to the arrangement under which the notes were transferred, showing it to be substantially as set forth in the answer; that the plaintiff, who was a creditor of Rawson & Co., applied to said Whitcomb for payment of his debt, and was informed by him that Marvin had property in his hands to secure a debt due him; that by paying the balance due Marvin, and taking the collaterals he held, he could have the benefit of

them, and so save his own debt; that thereupon plaintiff called upon Marvin and ascertained the balance due, and upon being paid that amount Marvin transferred his claims with the collaterals to plaintiff. Prior to said transfer no application of the sums collected by Marvin on the collaterals in extinguishment of any specific items of the indebtedness owing to him by Rawson & Co. had been made; sufficient had been collected to pay the notes. Plaintiff, after the assignment to him of the claims of Marvin, with the collaterals, treated the notes as paid. There was no express warranty by Marvin that the notes were valid outstanding obligations either against the maker or indorser.

*J. H. Waring* for appellant. Facts admitted by the pleadings were not only disregarded by the referee, but they were flatly contradicted by the findings which he made. (Code Civ. Pro., § 522; *Tell* v. *Beyer*, 38 N. Y. 161; *Townshend* v. *Townshend*, 1 Abb. [N. C.] 81; *Roberts* v. *Good*, 2 Trans. App. 103; *Marston* v. *Swett*, 66 N. Y. 206; *West* v. *A., etc., Bk.*, 44 Barb. 175; *Beals* v. *H. Ins. Co.*, 36 N. Y. 522, 527; *Maurice* v. *H. R. R. R. Co.*, 3 Duer, 426, 441; *Tolman* v. *Manufacturers, etc.*, 55 Mass. 73; *Bell* v. *Dugg*, 60 N. Y. 528, 532; *Delaware Bk.* v. *Jarvis*, 20 id. 226; *Fake* v. *Smith*, 2 Abb. Ct. App. Dec. 76; Code, § 1023; *Ballou* v. *Parsons*, 11 Hun, 602; *Cleveland* v. *Hatch*, 25 id. 308; *Paige* v. *Willetts*, 38 id. 28; *Thomas* v. *Austin*, 4 Barb. 265; *Crosbie* v. *Leary*, 6 Bosw. 312; *Bridge* v. *Payson*, 5 Sandf. 210.) The plaintiff was entitled to recover on the facts alleged in his complaint and not denied by the answer. (*Littauer* v. *Goldman*, 72 N. Y. 206, 209–210; *D. Bk.* v. *Jarvis*, 20 id. 226, 229; *Ross* v. *Terry*, 63 id. 613; *Webb* v. *Odell*, 49 id. 553.) On the sale of a note, where nothing is said on the subject, a warranty is implied that it is unpaid. (*Sherman* v. *Johnson*, 56 Barb. 59; *Furness* v. *Ferguson*, 15 N. Y. 437; 34 id. 485, 490.)

*William Spargur* for respondent. To make out a case of implied warranty, there must not only be a withholding of

known facts, but fraud must be practiced.    (72 N. Y. 506; 81 id. 101; 60 id. 528.)    A man holding collaterals by simply receiving his pay and transferring them at the request of the owner of them, incurs no liability.    (19 N. Y. 499.)    There is no view of this case that entitles the plaintiff to a judgment. (10 N. Y. 198.)

ANDREWS, J.  It is plain, from the circumstances developed upon the trial, that the real intention of the transaction between the plaintiff and Marvin, the defendant's testator, was to substitute the former to the position of the latter in respect of the debt owing by Rawson & Co. to Marvin, and the collaterals held by him as security therefor.  It was not in any proper sense a purchase by the plaintiff of the notes held by Marvin, except in so far as they, with the other claims transferred to the plaintiff at the same time, represented the balance which, after the application of what had been collected by Marvin, would remain due to him on the claims transferred. Prior to the transfer by Marvin to the plaintiff, no application of the sums collected by Marvin on the collaterals in extinguishment of any specific items of the indebtedness owing by Rawson & Co. had been made.  Sufficient had been collected to pay the notes, but in the absence of any specific application of the collections thereon, they were not technically paid.  The plaintiff, after the assignment to him of the claims of Marvin, with the collaterals, treated the notes as paid.  Prior to the assignment the plaintiff had arranged with Rawson & Co., or the survivor of that firm, that he should have the benefit of the collaterals held by Marvin, over and beyond the interest therein which Marvin held, to apply upon the plaintiff's own debt against the firm.  It was to obtain this advantage that the plaintiff paid Marvin the balance of his claim and took the assignment.

There was no express warranty by Marvin that the notes were valid obligations, either against the makers or indorser, and none can be implied under the circumstances.  It is conceded that the sum paid by the plaintiff to Marvin, was the

exact sum due the latter from Rawson & Co. It may be true, as claimed by the counsel for the plaintiff, that on a purchase of notes, appearing on their face to be valid and uncancelled obligations, but which in fact have been paid, or the indorsers discharged to the knowledge of the vendor, a cause of action would arise in favor of a vendee who purchased without notice, against the vendor, based upon an implied warranty that the notes were valid obligations. (*Delaware Bank* v. *Jarvis*, 20 N. Y. 226; *Webb* v. *Odell*, 49 id. 583; *Ross* v. *Terry*, 63 id. 613; *Littauer* v. *Goldman*, 72 id. 506.

The plaintiff insists that the complaint contains allegations, not denied by the answer, showing that the transaction between the plaintiff and Marvin was a purchase of the notes by the plaintiff in the ordinary sense, in good faith, for a full consideration, when in fact they had been paid and the indorsers discharged to the knowledge of Marvin. These averments it is contended are to be regarded as conclusively established, and precluded the defendant from showing that the transaction was other or different from that alleged in the complaint. There is no direct denial in the answer of the allegations upon which the plaintiff relies. But it sets forth with some detail the nature of the transaction between Marvin and the plaintiff, and concludes by denying that Marvin "made any other or different transfer of said notes than as herein stated." The real transaction was the subject of investigation on the trial, and was litigated without any objection being raised that the evidence was inadmissible under the pleadings. The first time that the question was raised was when findings based on the pleadings were proposed by the plaintiff. The referee was, we think, justified under the circumstances in refusing to find in accordance with the alleged admissions. This disposes of the main question in the case. The merits of the controversy were properly adjudged in the courts below, and the exceptions to evidence point out no reason for a reversal of the judgment.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.