Charles M. Titus, Respondent, v. Charles F. Poole and Others, as Executors, etc., of Edward V. Poole, Deceased, Appellants.

*Sale of bank stock — breach of warranty — evidence — transcript from the books of a foreign bank — statement by a witness of the result of their examination.*

On the trial of an action brought to recover damages for a breach of warranty on the sale or transfer to the plaintiff by the defendants' testator of what pur- ported to be a certificate of stock in a bank of the State of Pennsylvania, evi- dence was given sufficient to justify the jury in finding that the defendants' testator positively asserted that the alleged bank was organized under the laws of the State of Pennsylvania, that the stock was worth 100 cents on the dollar, and that he, as one of the first stockholders, was in a position to know its value, while the plaintiff was not, and that it was a good, high dividend pay- ing stock.

*Held,* that no particular phraseology was necessary to constitute a warranty, but that any assertion of the testator concerning the stock, if relied upon by the plaintiff and understood by both parties as an absolute assertion and not merely as the expression of an opinion, would amount to a warranty ;

That the evidence was sufficient to sustain a finding of the jury that there was an express warranty, and on proof disclosing a breach thereof the plaintiff was entitled to recover the difference between the value of the stock as repre- sented and its value as it was.

*Semble,* that if there had been no express warranty, as the certificate which was transferred to the plaintiff purported to be a certificate of stock in a bank organized under the laws of Pennsylvania, and was sold as such, there was an implied warranty on the part of the seller that the instrument was genuine and what it purported to be.

The evidence established the fact that the so-called bank in question was never incorporated under the laws of Pennsylvania. A notice of intention to use copies of entries in the original books of the bank had been given, as provided by section 930 of the Code of Civil Procedure relating to the use as evidence of copies from the books of a foreign corporation, and a copy was verified as

provided by section 931 of the Code; and it appeared that the books were within the State of New York and practically in the hands of the defendants. The court admitted in evidence, on behalf of the plaintiff, a transcript from the books of the bank.

*Held,* that there was no error in the admission of the evidence.

If original documents are inconveniently voluminous or numerous, and the result to be gathered from them is the material fact, a qualified witness who has examined them may testify to the result subject to cross-examination on details; and an abstract or summary, made by him out of court with the originals before him, and which he testifies is correct, may be received in evidence instead of requiring the originals.

APPEAL by the defendants, Charles F. Poole and others, as executors, etc., of Edward V. Poole, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Tompkins county on the 12th day of March, 1892, upon a verdict rendered at the Tompkins Circuit, and also from an order entered in said clerk's office on the 11th day of March, 1892, denying the defendants' motion for a new trial made on a case and exceptions.

*David M. Dean,* for the appellants.

*F. E. Tibbetts* and *S. D. Halliday,* for the respondent.

MARTIN, J.:

This action was for breach of warranty on the sale or transfer to the plaintiff of what purported to be a certificate of fifty shares of stock in the Home Savings Bank of South Waverly, Penn. In effect it was alleged in the complaint that the defendants' testator purchased of the plaintiff certain real estate at the agreed price of $9,000; that he transferred to the plaintiff in part payment therefor what purported to be fifty shares of $100 each of the stock of an alleged bank called the Home Savings Bank of South Waverly; that the testator, by express words, and by implication, warranted and represented that such scrip or alleged certificate of stock was in all respects what on its face it purported to be, and that all the statements and representations printed and written upon it were true; that he further expressly represented and warranted that it was a regular dividend paying stock; that it was issued by a State bank regularly organized under the laws of the State of Penn-

sylvania; that it (the bank) had a paid-up capital of $100,000; that the stock was worth 100 cents on the dollar; that he was one of the first stockholders and had owned the stock for several years; and that the testator at the time also made various other statements tending to show that said certificate was good and all right.

It was then alleged that none of the foregoing statements or representations made by the testator were true, but that the stock was worthless, and judgment for $5,000, and interest from February 10, 1883, was demanded.

The defendants' answer, so far as material to the questions raised upon this appeal, was a denial of the alleged warranty, and an allegation that the plaintiff's cause of action was barred by the short Statute of Limitations because the action was not commenced within six months after the presentation and rejection of the plaintiff's claim.

On the trial the plaintiff proved that he sold to the defendant's testator certain real estate for the price or sum of $9,000; that he accepted the alleged certificate of stock for $5,000 as part payment therefor; that when the contract between the parties was made the defendants' testator stated and represented to him that the so-called bank, the stock of which was apparently represented by the certificate, was a bank regularly organized under the laws of the State of Pennsylvania and had savings bank privileges; that the stock was good, worth 100 cents on the dollar, a high dividend paying stock and all right; that he was one of the original stockholders; that the capital stock was $100,000 and was all paid up; and that thereupon the plaintiff said: "If this stock is all right, as you say, we will make the trade or deal."

This evidence was uncontradicted. The evidence also disclosed that the so-called bank, the alleged stock of which was thus transferred, was never incorporated under the laws of the State of Pennsylvania, and that from 1874 until the time of the trial only six dividends were declared. It also tended to show that none of the dividends declared were earned, but were in fact paid out of the capital invested in the enterprise; that the stock was not fully paid up; that the assets of the concern were insufficient to pay its liabilities; and that it failed in 1887.

Proof was given of the sale of what purported to be the stock of this institution at about par. But each of the witnesses who testified to having purchased or sold it, testified that he supposed the bank was regularly organized under the laws of the State of Pennsylvania, and would not have purchased the stock if he had known it was not. The evidence also tended to show that the stock was in fact worthless; that although it had been sold at par, still, that it would not have brought that price or had any market value if the facts as to the situation of the alleged bank had been known and understood.

That the representations made were material, and relied upon by the plaintiff, there is no doubt. Upon this evidence the court submitted to the jury the questions whether the warranty was made, whether the plaintiff relied upon it in making the exchange, and if so, the amount of damages sustained by him. The jury found for the plaintiff, and awarded him $5,000, and interest from the time of such sale.

The appellants contend that the evidence was insufficient to justify the court in submitting the question of warranty to the jury, and that it erred in denying their motion for a nonsuit. We think this contention cannot be sustained. No particular phraseology was necessary to constitute a warranty. Any assertion of the testator concerning this stock, if relied upon by the plaintiff, and understood by both parties as an absolute assertion, and not merely the expression of an opinion, would amount to a warranty. The evidence was amply sufficient to justify the jury in finding that the defendants' testator positively asserted that this alleged bank was organized under the laws of the State of Pennsylvania; that the stock was worth 100 cents on the dollar, and that he, as one of the first stockholders, was in a position to know its value, while the plaintiff was not, and that it was a good, high dividend paying stock. This, we think, was sufficient to sustain the finding of the jury that there was an express warranty, and as the proof disclosed a breach thereof, the plaintiff was entitled to recover the difference between the value of the stock as represented, and the value as it was.

Moreover, if there had been no express warranty, as the certificate which was transferred to the plaintiff purported to be a certificate of stock in a bank organized under the laws of the State of

Pennsylvania, and was sold as such, there was, we think, an implied warranty on the part of the seller that the instrument was genuine and what it purported to be. In *Ledwich* v. *McKim* (53 N. Y. 307) it was held that upon the sale and assignment of a non-negotiable written instrument there is an implied warranty of title in the assignor, and upon failure he is liable. In the opinion it is said: " The seller warrants the genuineness of the instrument, and that it is what it purports to be," citing *Gurney* v. *Womersley* (28 Eng. L. & Eq. 256); *Thrall* v. *Newell* (19 Vt. 202). In *Ross* v. *Terry* (63 N. Y. 613) it was held that, as a general rule, there is implied from the sale of a bond or other security, a warranty on the part of the vendor that it is a valid and subsisting security for the amount expressed. In *Littauer* v. *Goldman* (72 N. Y. 507) the doctrine that upon the transfer of a chose in action there is an implied warranty, not only of title, but that the instrument is genuine, is again recognized. In *Delaware Bank* v. *Jarvis* (20 N. Y. 226, 229) the rule that a vendor of a chose in action, in the absence of express stipulations, impliedly warrants its legal soundness and validity, is asserted. (See, also, *Webb* v. *Odell*, 49 N. Y. 583 ; *Mandeville* v. *Newton*, 119 id. 10, 14.)

In this case, however, there was, as we have already seen, an express warranty, not only as to the genuineness of the certificate and that it was what it purported to be, but as to its value and quality. We are of the opinion that the case was properly submitted to the jury, and that its verdict should be upheld.

That the plaintiff on proving the warranty and a breach thereof was entitled to recover the damages awarded is quite manifest. The proof showed quite conclusively that the pretended stock had no actual value, and that upon the facts being understood, it would have had no market value. The appellants not having in any way challenged the amount of the recovery, no further consideration of this question seems necessary.

The appellants also contend that the plaintiff's claim was barred by the short Statute of Limitations. On a former appeal in this case that question was examined and decided adversely to such contention. (*Titus* v. *Poole*, 60 Hun, 1.) That decision must be regarded as conclusive upon this question.

The only other questions raised by the appellants relate to the rul-

ings on the trial. Benjamin Kuykendall was called as a witness by the plaintiff, and on the cross-examination was asked the following question : " Q. Now, I ask you the question if there was a debt came to your hands against the plaintiff here, Mr. Titus, as an asset in favor of the Home Savings Bank to you as receiver, for any cause whatever, whether by reason of overdraft, check or other things ? " This question was objected to " as incompetent," whereupon the court said : " I don't see how it is competent. I will exclude it." To this the defendants excepted. The appellants claim that this evidence was admissible to establish the solvency of the Home Savings Bank, and to meet the evidence which had been given by the plaintiff to show that both the bank and its president, who seems to have absorbed the most of its assets, were insolvent. We are unable to see how this evidence was admissible, as it related to a transaction or situation which existed in 1887, four years after the transaction in question. The question that had been litigated, and to which the proof related that this evidence was offered to answer, was as to the situation in 1883 when the transaction occurred, and the court had already ruled that a witness for the defendants might testify to that fact if it existed in 1883. Moreover, the proof was to the effect that the bank and its president were both insolvent to the extent that their liabilities exceeded their assets more than $80,000. If the evidence was admissible, we fail to see how its rejection could have harmed the appellants, as it would not have justified any different conclusion as to the fact of such insolvency. Again, the defendants were permitted to prove by the witness William Kirby that the plaintiff had a note for $4,500 discounted at the bank after February 10, 1883, and the plaintiff, on his cross-examination, testified that he had $5,000 of Kirby, the apparent president of the concern, and that it was not all yet paid and that the whole amount was unpaid when the institution failed. We find in this ruling no error which would justify us in disturbing the judgment appealed from.

The appellants also claim that the court erred in admitting in evidence the books of the Home Savings Bank, and the transcript which was allowed to be used on the trial. The notice provided for by the Code of Civil Procedure was given, and the copy was verified as therein provided. (§§ 930, 931.) Besides, the evidence shows quite clearly that the books were within the State of New

York, and practically in the hands of the appellants. Under these circumstances we find no error in the admission of this evidence. "If the original documents are inconveniently voluminous or numerous, and the result to be gathered from them is the material fact, a qualified witness who has examined them may testify to the result subject to cross-examination on details; and an abstract or summary made by him out of court with the originals before him, and which he testifies is correct, may be received in evidence instead of requiring the originals." (Abbott's Trial Brief on the Facts, § 21; Greenl. on Ev. § 93; *Burton* v. *Driggs*, 87 U. S. [20 Wall.] 125. See, also, *Howard* v. *McDonough*, 77 N. Y. 592; *Wise* v. *Insurance Company*, 101 id. 637.)

Having considered all the questions presented by the appellants in their brief, and having found nothing which would justify us in reversing the judgment appealed from, it follows that it should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.