(15 App. Div. 326.)

KELLOGG v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

1. MUNICIPAL CORPORATIONS—ACTION FOR PERSONAL INJURIES—HUSBAND AND WIFE.
   An action by a husband for loss of his wife's services by reason of personal injuries is within Laws 1886, c. 572, § 1, providing that notice of intention to sue a city "for damages for personal injuries" must be given within a certain time after the injury.

2. SAME—NOTICE OF INTENTION TO SUE.
   Compliance with the requirements of such statute as to notice of intention to sue is a condition precedent to the right of action. Curry v. City of Buffalo, 32 N. E. 80, 135 N. Y. 366, followed.

Action by Edwin C. Kellogg against the mayor, aldermen, and commonalty of the city of New York. There was a verdict in favor of plaintiff, and defendant moves for a new trial on exceptions ordered heard at the appellate division in the first instance. Granted.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. J. Morrison, for plaintiff.

Robert C. Beatty, for defendant.

WILLIAMS, J. The action was brought by a husband to recover for the loss of services of his wife, occasioned by injuries received by her, alleged to have been caused by the negligence of the defendant, and also to recover for expenses incurred for medicines, medical

attendance, care, and nursing of the wife rendered necessary by such injuries so caused. The injuries were received on the 26th day of March, 1891. The action was commenced December 11, 1893. There was never any notice of intention to commence the action served upon the counsel to the corporation. The answer set up the one-year statute of limitations, and the failure to serve such notice of intention to commence action, and called attention to the provisions of chapter 572, Laws 1886. There was a trial and verdict for the plaintiff, the defendant raising these questions, but giving no evidence as to the merits of the claims in other respects. There is no dispute as to the facts, and the only question is whether the plaintiff's right of action was lost by a failure to comply with the provisions of the statute above referred to. The statute provides, in brief (section 1):

"No action against the mayor," etc., "for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor," etc., "shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof, within six months after such cause of action shall have accrued."

The plaintiff claims the action is not for damages for personal injuries sustained by reason of negligence of the defendant, so as to bring it within the provision of this statute, but is an action to recover for an injury to a property right. We think, however, that there can be no doubt that the action is one directly within the provisions of the statute. Whatever the courts may have written in other cases, the court of appeals, in Maxson v. Railroad Co., 112 N. Y. 561, 20 N. E. 544, made it quite clear that such an action as this was an action for damages for personal injuries. That was an action, like this, for loss of services of the wife, etc., by reason of personal injuries to her, caused by the negligence of the defendant. The defense was the three-years statute of limitations, under section 383, subd. 5, Code Civ. Proc., which reads as follows: "(5) An action to recover damages for a personal injury resulting from negligence." It was held that this provision of the Code applied to the case in hand, and every case where the action was founded on the fact of an injury to the person, accompanied by negligence, whether the person was that of the plaintiff, or of any other individual for whose injury the plaintiff was entitled to bring the action. The language of the act in question is not materially different from that of the three-years statute in the Code considered in the case above cited. In both the action is for damages for "personal injuries." The discussion of the question is quite full in that case, and we need not quote from the opinion here. We regard that case as conclusive, and controlling upon us in the determination of this appeal.

In Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80, it was held that a compliance with the provisions of the statute in question as to the service of the notice was a condition precedent to the right to bring the action, and the commencement of the action could not be regarded as such notice. It was held in that case that the action

could not be maintained in the absence of such notice, and we must decide in the same way here. This question was distinctly raised by motion at the commencement and close of the case, and by the motion for a new trial. The one-year statute of limitations contained in this same statute is equally a defense to this action. The action was not commenced until more than two years after the injuries were received, and the plaintiff's right of action had accrued. The statute was pleaded, and the motion for a new trial, the facts being undisputed, raised this question as well as the one relating to the failure to serve notice.

Our conclusion is that the exceptions by defendant should be sustained, and the motion for a new trial should be granted, with costs to the appellant to abide event. All concur.