PETER ROSSI, Plaintiff, *v.* THE CITY OF SCHENECTADY, Defendant.

Supreme Court, Schenectady County, March 29, 1929.

*Walter F. Swanker*, for the plaintiff.

*Carleton H. Lewis, Corporation Counsel*, for the defendant.

HEFFERNAN, J. Plaintiff has brought this action to recover damages because of the flooding of his premises by reason of an alleged defective sewer system. On the notice of claim, the complaint and an affidavit of its corporation counsel, defendant has moved for a judgment dismissing the complaint on the ground that the court has no jurisdiction of the subject-matter of the action pursuant to rule 107 of the Rules of Civil Practice.

The Second Class Cities Law (§ 244) provides, so far as material here, that " The city shall not be liable in a civil action for damages or injuries to person or property   *   *   *   unless a claim therefor in writing, verified by the oath of the claimant, containing a statement of the place of residence of the claimant, by street and number, if any, otherwise such facts as will disclose such place of residence with reasonable certainty, and describing the time when, the particular place where and the circumstances under which the damages or injuries were sustained, the cause thereof and, so far as then practicable, the nature and extent thereof, shall within three months after the happening of the accident or injury or the occurrence of the act, omission, fault or neglect out of which or on account of which the claim arose, be presented to the common council and served upon the mayor or city clerk and notice of intention to commence an action thereon be served upon the corporation counsel, nor unless an action shall be commenced thereon within one year after the happening of such accident or injury or the occurrence of such act, omission, fault or neglect."

Within the statutory time, plaintiff caused to be served upon the defendant a notice reading in part as follows: " Peter Rossi being duly sworn deposes and says that he resides at 12 Weaver St., Schenectady, N. Y., and is the owner of said premises. That on or about February 14, 1928, due to the backing up and flooding of the sewers in said vicinity due to the improper construction, maintenance, operation and control of same by City of Schenectady, N. Y., its agents and servants, damage was done to said property of claimant. That said damage was entirely due to the negligence

of said city as aforesaid, and without any fault or negligence on part of this claimant."

The only question in this case is whether this notice is a sufficient compliance with the statute for the purpose of enabling the plaintiff to maintain this action. There is no question about the proposition that the filing of a proper notice is a condition precedent to the institution of the suit. The learned corporation counsel contends that this notice is fatally defective in that it fails to point out and locate the cause of the injury with sufficient certainty. The question is of unusual importance here because the parties have stipulated that the disposition of this motion will determine the sufficiency of the notices in thirteen companion cases. The court has received no aid from plaintiff's counsel. Although he requested an opportunity to file a brief, he failed to do so and has now definitely advised the court that he does not intend to avail himself of this privilege. Plaintiff, however, should not be prejudiced because of the neglect or incompetency of his counsel. This is but one of many instances where an attorney has placed an unnecessary burden upon the judge at Special Term.

It may be that for reasons not necessary to consider here, plaintiff's ultimate success in this litigation is very doubtful. Nevertheless, it seems to me that this notice on its face is sufficient. It states accurately plaintiff's residence and that his premises were damaged by the backing up and flooding of the sewers " *in said vicinity* " on February 14, 1928. Obviously what the plaintiff means is the sewer in the vicinity of his residence. This statute should be reasonably construed. It does not contemplate that an injured person should be required to state with mathematical accuracy the place where it occurred. In many instances this would be impossible. The object of the notice is to enable the city to conduct its investigations intelligently in order to locate the defect, remedy it, if necessary, and prepare for trial. No particular form of words in the notice is required. Any description is sufficient if it will enable the municipal authorities to ascertain the place by the exercise of reasonable diligence. Therefore, every case must of necessity be a law unto itself. An obstruction in a sidewalk of a city street can be located accurately. A defect in a sewer or water system is something vastly different. Surely a plaintiff should not be required to employ a surveyor and make excavations in the public highway so that he may ascertain exactly where a break or stoppage occurs in the sewer system of a municipality. That would subject him to an unusually harsh rule. It is true that the notice here does not locate the place where the difficulty arose with precision. All that plaintiff knows or can be

expected to know is that his premises were flooded. The notice which he gave defendant is a warning to it to examine the sewer in that locality. The corporation counsel stresses the fact that Weaver street is approximately. 1,500 feet in length. In his notice plaintiff has told the city that the trouble exists in the vicinity of 12 Weaver street. He has called its attention specifically to the defect of which he complains. With that information defendant's engineers should be able to ascertain the precise location. In the absence of any claim that it has been misled, it seems to me that this notice fairly indicates to the authorities the place where the claim arose. (*Werner* v. *City of Rochester*, 77 Hun, 33; affd., 149 N. Y. 563; *Beyer* v. *City of North Tonawanda*, 183 id. 338.)

For these reasons, the motion is denied, with ten dollars costs.