MOLLIE PAUL SHAPIRO, an Infant over Fourteen Years of Age, by KATIE PAUL, Her Guardian ad Litem, Appellant, *v.* UNION RAILWAY COMPANY OF THE CITY OF NEW YORK, Defendant, Impleaded with THE CITY OF NEW YORK, Respondent.

First Department, January 29, 1932.

*Max Shlivek* of counsel [*Saul S. Brin* with him on the brief; *Lind, Shlivek, Marks & Brin,* attorneys], for the appellant.

*Vine H. Smith* of counsel [*Charles C. Marrin* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

PER CURIAM. We are of opinion that the verdict of the jury finding the defendant The City of New York guilty of negligence was against the weight of the evidence. However, the learned trial justice erred in dismissing the complaint. Not only was there an issue of fact justifying the jury in finding that due and timely notice of intention to sue had been served on the corporation counsel, but it further appears that the notice of claim, duly and timely served upon the comptroller, also contained a notice of intention to sue. This, within the statutory period, was transmitted by him to the corporation counsel, who thereafter, and within such period, conducted an examination of the claimant, the plaintiff herein. This notice was produced by the corporation counsel on the trial. Under such circumstances there was substantial compliance with the provisions of chapter 572 of the Laws of 1886. (*Denair* v. *City of Brooklyn,* 5 N. Y. Supp. 835; *Missano* v. *Mayor,* 160 N. Y. 123.)

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — FINCH, P. J., MERRELL, O'MALLEY, SHERMAN and TOWNLEY, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.