DOMENICO MARCANTONIO Plaintiff, *v.* CITY OF BEACON, Defendant.*

Supreme Court, Special Term, Dutchess County, January 18, 1936.

*Phillips, Heaney & Hassett,* for the plaintiff.

*Vincent D. Stearns,* for the defendant.

ALDRICH, J. The defendant moves to dismiss the complaint, apparently under rule 107 of the Rules of Civil Practice upon the ground that the plaintiff failed to present a written verified claim to the defendant within the time specified by the city charter. There

* Affd., —— App. Div. ——.

seems to be authority for the consideration of the motion under such circumstances under rule 107 of the Rules of Civil Practice. (*Rossi* v. *City of Schenectady*, 133 Misc. 792; affd., 227 App. Div. 683.)

Section 114-a of the Charter of the City of Beacon (Laws of 1913, chap. 539, § 114-a, added by Laws of 1915, chap. 547, as amd. by Laws of 1920, chap. 171) provides, among other things, as follows: " No action or proceeding to recover or enforce any claim, debt, or demand against the city shall be brought until the expiration of thirty days after the same has been presented in writing to the city council. * * * All claims against the city for damages or injuries to person or property alleged to have been caused by the misfeasance or negligence of the city, or any of its officers or employees, shall be presented to the city council in writing, within thirty days after the happening of the accident or injury out of which the claim arose. Such writing shall describe the time when, the particular place where and the circumstances under which the damages or injuries were sustained and the cause thereof; it shall also state, so far as then practicable, the nature and extent of the damages or injuries; shall also state the place of residence of the claimant by street and number, and, if there be no street or number, it shall contain such statement as will disclose the place of residence; and all such claims shall be verified by the oath of the claimants. The omission to present such claim within thirty days from the date when such alleged injuries were received and to commence an action thereon within one year from the time of such alleged injuries shall be a bar to any claim or action therefor against the city; but no action shall be brought upon any such claim until thirty days have elapsed after the presentation of the claim to the city council."

The plaintiff brings this action to recover damages for the loss of services of his infant son alleged to have occurred through the negligence of the defendant. The only claim presented to the common council under the city charter, on the face thereof, purports to be presented by the son and by the present plaintiff as guardian *ad litem* of the son. That notice does not purport to be presented by the present plaintiff in his own right, or on his individual behalf. The claim for loss of services is one for " injuries to person." (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137.) The object of the statute is to give the city notice of each claim. The claim presented on behalf of the son does not inure to the benefit of this plaintiff. (*Seliger* v. *City of New York*, 88 N. Y. Supp. 1003.) The motion to dismiss the complaint is granted. No costs allowed.

Settle order on two days' notice at chambers, Poughkeepsie.