Daniel J. Rice, Inc., Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, New York County, March 22, 1943.

*Thomas D. Thacher, Corporation Counsel,* for defendant.

*M. Carl Levine* for plaintiff.

STEUER, J. Defendant moves for summary judgment. The action is on a contract for construction work on a city hospital. On March 24, 1938, plaintiff filed a notice of its claim with the Comptroller. On March 31, 1938, plaintiff was subpœnaed to appear on April 21, 1938, before the Comptroller and give evidence as to its claim. The examination was adjourned five times at the request of the plaintiff, the final adjourned date being June 13, 1938. On that date plaintiff failed to appear. On November 28, 1938, the Comptroller notified plaintiff that its claim was disallowed. On June 12, 1941, plaintiff, through its attorney, notified the Comptroller that it was ready to be examined, at the convenience of the Comptroller, concerning the claim. The Comptroller refused to hold the examination, contending the matter was closed. Following further correspondence along the same lines, in January of 1942, suit was started.

Section 149 of the Greater New York Charter (L. 1897, ch. 378, as amd.), now section 93d-1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), provides that the Comptroller may require any person presenting a claim against the City to be sworn before him and to testify as to any facts relative to the justness of his claim. While this section has from time to time received judicial interpretation, the question here presented has not been touched. It is clear that if the subpœna be ignored it is a bar to the action. . (*Tolchinsky* v. *City of New York,* 164 App. Div. 636, affd. 220 N. Y. 633.) On the other hand, the Comptroller may not fix a time or place for the examination which is unreasonable under the circumstances of the case. (*Stubbmann* v. *City of New York,* 176 App. Div. 937.)

The facts here show that the subpœna was not ignored and also that an ample opportunity for examination was given prior to the institution of the suit. Therefore, the purpose of the section, to allow the Comptroller an opportunity to examine into the claim and decide how to dispose of it, was met. (*Matter of*

*Grout,* 105 App. Div. 98.) The defendant raises the further point that the statute gives the Comptroller, rather than the claimant, the right to fix the time and place of examination, and orderly procedure requires that this should be so. Within the limits of reasonableness both of these contentions are correct. No invasion of the Comptroller's prerogatives was shown here. It appears that at the time of filing the claim no person capable of giving any extensive information in regard to it was available. Some three years later, one of the two persons alleged to have this information returned to the city. The plaintiff did not then seek to fix a date for examination; it sought to have the Comptroller fix a time at his convenience. This is not acting whimsically or interfering with orderly procedure. The defendant does not show that it was in any way prejudiced by the delay. The section is in no sense a Statute of Limitations, and the holding of the examination neither limits nor extends the time within which suit may be begun.

Upon this application it is unnecessary to decide whether the defendant did in fact waive its right to examine. It appears from the above that at the least an issue remains as to whether this was done and the presence of that issue defeats this motion.