ANNA ZIMMERMAN et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

City Court of New York, Special Term, New York County, April 12, 1944.

*Ignatius M. Wilkinson, Corporation Counsel* (*Abraham Silver* of counsel), for defendant.

*Louis Okin* and *Alvin L. Rabinowitz* for plaintiffs.

CARLIN, J. In this action a verdict was rendered for plaintiff Anna Zimmerman for $2,500 and for Max Zimmerman for $441; the parties plaintiff will hereinafter be called wife and husband, respectively. Motions to dismiss the complaint of the wife were made at the close of her case as well as at the close of the entire case and were renewed when a motion was made to set aside the verdict in her favor; in each instance the motion was denied; decision was reserved on similar motions addressed to the husband's cause of action because it appeared that he did not present himself nor submit to an examination by the Corporation Counsel although duly notified to do so and it further appeared that no time for his subsequent appearance was arranged for by agreement or stipulation.

The court is now confronted with a motion by defendant to set aside the verdict for both plaintiffs and to dismiss their complaints on the ground that they failed to comply with paragraph 2 of subdivision c of section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) which provides, among other things not germane, that an action against the City of New York for personal injuries based upon negligence is maintainable "provided that a notice of intention to commence such action * * * shall have been served in like manner as the service of a summons in the Supreme Court * * * 2. In all cases, upon the corporation counsel and the comptroller." There is no question as to the timeliness of the notice served nor of the commencement of the action after said service; the notice is in the name of both claimants and is addressed to the Comptroller and the Corporation Counsel; it bears the receipt of the Comptroller's office and does not appear to have been served on the Corporation Coun-

sel; insofar as the wife's action is concerned, its sufficiency was not disputed on the trial nor did the court either directly or by request of counsel embody in its charge any reference to the sufficiency of the notice. This motion, therefore, resolves itself into the question of the failure to serve the notice on the Corporation Counsel; incidentally it contained a notice of intention to sue. The court is squarely confronted with this failure to serve the Corporation Counsel; to buttress its attack upon the inefficiency of the notice because of the said failure of service the defendant marshals a formidable phalanx of authority (*Curry* v. *City of Buffalo,* 135 N. Y. 366; *Foley* v. *Mayor,* 1 App. Div. 586; *Kellogg* v. *Mayor,* 15 App. Div. 326; *Kennedy* v. *Mayor, etc., City of New York,* 18 Misc. 303, affd. 34 App. Div. 311; *Krall* v. *City of New York,* 44 App. Div. 259; *Bernreither* v. *City of New York,* 123 App. Div. 291, affd. 196 N. Y. 506; *Smith* v. *City of New York,* 88 App. Div. 606); an examination of these cases shows the fatal absence of a notice of intention to sue which cannot be waived even though the claimant, after service of a notice of claim which lacks a statement of the notice of such intention, may have submitted himself to an examination by the Corporation Counsel. (*Merwin* v. *City of Utica,* 172 App. Div. 51; *Sheehy* v. *City of New York,* 29 App. Div. 263, revd. on other grounds 160 N. Y. 139; *Kennedy* v. *Mayor, etc., City of New York, supra; McGovern* v. *City of New York,* 160 Misc. 714, affd. 247 App. Div. 775, affd. 272 N. Y. 455.) But the instant case, insofar as the wife's notice is concerned, is distinguished from the foregoing authorities cited by defendant because of the fact that the notice in the present case contained a notice of intention to sue which appears to have been absent in the notices served in the cited cases; moreover, it was forwarded by the Comptroller to the Corporation Counsel who examined plaintiff wife thereon; the authorities to support the difference and inapplicability of the rule which nullifies a claim based upon the insufficiency of notice are predicated upon section 261 of the Greater New York Charter (the forerunner of section 394a–1.0 of the Administrative Code of the City of New York) and chapter 572 of the Laws of 1886 (the precursor of chapter 929 of the Laws of 1937). In *Enair* v. *City of Brooklyn* (25 N. Y. St. Rep. 1014) the notice which contained a notice of intention to sue was served on the Comptroller who afterwards placed it in the manual possession of the Corporation Counsel; the latter examined the claimant and his so doing was held to be an adoption of the notice and established its filing as provided by section 261

of the Charter; in *Kennedy* v. *Mayor, etc., City of New York* (*supra*), a similar procedure was adopted by the Comptroller but the notice failed to contain a notice of intention to sue and the court held that the examination by the Corporation Counsel did not constitute a waiver of that defect in the notice. The case of *Sweeney* v. *City of New York* (225 N. Y. 271) is consistent with the authorities construing chapter 572 of the Laws of 1886, which held that no action shall be maintained for personal injuries unless a notice of intention to sue was served in time on the corporation counsel; in that case the notice consisted of two letters written by claimant's father to the Finance Department; the letters were forwarded to the Corporation Counsel who investigated the claim by interviewing the plaintiff in regard to the accident; in the second letter claimant's father stated that if he heard nothing within a few days he would place the matter in the hands of an attorney; this letter was also sent by the Finance Department (Comptroller) to the Corporation Counsel. At page 274, the court says: "The important questions for our consideration, therefore, are whether the two letters can be considered a notice within the meaning of the act of 1886. Were they filed with the corporation counsel? Do they adequately state the place of the injury and an intention to begin an action? All these questions we answer in the affirmative." At page 275 the court further states: "we held in *Missano* v. *Mayor etc., of N. Y.* (160 N. Y. 123) that it is enough if the corporation counsel actually and seasonably receives the notice from another official to whom it may have been mistakenly delivered." In *Shapiro* v. *Union Railway Co.* (234 App. Div. 305, 306) the court says: "* * * but it further appears that the notice of claim, duly and timely served upon the comptroller, also contained a notice of intention to sue. This, within the statutory period, was transmitted by him to the corporation counsel, who thereafter, and within such period, conducted an examination of the claimant, the plaintiff herein. This notice was produced by the corporation counsel on the trial. Under such circumstances there was a substantial compliance with the provisions of chapter 572 of the Laws of 1886." In *Halpin* v. *City of New York* (82 App. Div. 311) a notice served upon the Comptroller alone and transmitted by him to the Corporation Counsel, who notified plaintiff (claimant) to appear for examination which plaintiff did, was upheld despite claimant's failure to file a notice of intention to sue with the Corporation Counsel. In the court's opinion to hold with the defendant that plaintiff's failure to serve the notice

on the Corporation Counsel renders her cause of action and the verdict of no effect would be destructive of simple justice when it appears that the notice served, containing a notice of intention to sue, was transmitted by the Comptroller, upon whom it was served, to the Corporation Counsel, to whom it was directed, and an examination was thereon conducted. This court cannot adopt such reasoning because of the present law providing for service of the notice as distinguished from the former requirement of filing under the provisions of chapter 572 of the Laws of 1886. As pertinently put: " This provision should be reasonably construed. Its purpose is to protect the city against unfounded claims by enabling its law officers to investigate promptly the circumstances surrounding the alleged accident and the place where it is said to have occurred. *It is not a trap to catch the unwary or the ignorant.*" (*Sweeney* v. *City of New York,* 225 N. Y. 271, 273, *supra.*) (Italics supplied.) This reasoning is instantly applicable despite the present statutory provision that notice of intention to sue be served on the Corporation Counsel.

Motion by defendant to set aside verdict in favor of the plaintiff, Anna Zimmerman, is denied.

As to plaintiff Max Zimmerman a different result is reached; he failed to submit to examination and, therefore, never afforded the defendant an opportunity to adopt his notice after its manual receipt from the Comptroller; his cause of action is separate from his wife's. (*Kellogg* v. *Mayor,* 15 App. Div. 326, *supra.*) " The Comptroller is entitled to examine the claimant to ascertain whether or not an adjustment or settlement ought to be made. If he seeks such an examination, and for no other reason than lack of information as to the merits of the claim, due to claimant's inability to appear for such examination, fails to pay or adjust the claim, it cannot be said that his failure to pay is a neglect or refusal to make an adjustment or payment. It should appear that he has waived or otherwise lost the right to examine the claimant." (*Casey* v. *City of New York,* 217 N. Y. 192, 197–198.) The City has a right to examine claimant for the purpose of determining if the claim may be adjusted; the claimant cannot deprive the Comptroller of this right by his refusal to be examined; his unexplained failure to appear for examination on the day set therefor with no stipulation by the Corporation Counsel setting the hearing on his claim for a subsequent date is fatal to his cause of action wherein it is neither pleaded nor proven that the City waived its right to examine him. (*Tolchinsky* v. *City of New York,* 164 App. Div. 636, affd. 220 N. Y. 633; see, also, *Seliger* v. *City of New York,* 88 N. Y. S.

1003; *Marcantonio* v. *City of Beacon,* 158 Misc. 851; *Rice, Inc.,* v. *City of New York,* 180 Misc. 860.)

Motion by defendant at the close of the plaintiff wife's case and of the entire case as well as to set aside verdict for plaintiff Max Zimmerman is granted with exception to him on the ground that he failed to comply with the provisions of section 93d–1.0 of the Administrative Code of the City of New York; the fact that his suit is predicated on medical expenses incurred by, and loss of services of, his wife and that she recovered in her action is not material as his action is distinct and severable from hers. (*Seliger* v. *City of New York, supra; Marcantonio* v. *City of Beacon, supra.*) Neither does the fact that his wife in her examination by the Corporation Counsel was questioned concerning medical expenses alter the court's determination that her husband has failed to establish his cause of action for the reason stated.

In accordance herewith let the clerk enter judgment for the plaintiff Anna Zimmerman against the defendant for $2,500 pursuant to the verdict, and judgment for the defendant against the plaintiff Max Zimmerman, dismissing his complaint upon the merits. Ten days' stay and thirty days to make a case is granted to defendant on judgment to be entered in favor of plaintiff Anna Zimmerman, and to plaintiff Max Zimmerman, on judgment to be entered dismissing his cause of action on the merits.