JOHN ANGELO, Respondent, *v.* CITY OF NEW YORK, Appellant.

Supreme Court, Appellate Term, Second Department, February 28, 1946.

*John J. Bennett, Corporation Counsel (Abraham Satran* of counsel), for appellant.

*Bernard Meyerson* and *William H. George* for respondent.

MEMORANDUM *Per Curiam.* The plaintiff after the dismissal without prejudice of the first action could, within one year, commence another action. (Civ. Prac. Act, § 23.) The opinion at *Special* Term in *Bellinger* v. *German Insurance Co.* (51 Misc. 463), adopted by the Appellate Division in affirming (113 App. Div. 917), and affirmed in the Court of Appeals (189 N. Y. 533) sets forth the reasons why section 10 of the Civil Practice Act

does not apply to section 23 of the Civil Practice Act. The latter section is not deemed to be one of the Statutes of Limitation specified in section 10. Like determinations have been made in cases where other statutes, as does the Charter of the City of New York (1938), prescribe conditions precedent to the beginning of actions, i.e., the Lien Law and the Surrogate's Court Act (*Conolly* v. *Hyams,* 176 N. Y. 403; *Titus* v. *Poole,* 60 Hun 1; 73 Hun 383, affd. 145 N. Y. 414). *Bellinger* v. *German Insurance Co. (supra)* was the authority relied upon for the decision in *McGovern* v. *City of New York* (250 App. Div. 102). The second defense was, therefore, properly stricken.

The plaintiff, however, simply because he could bring another action, was not relieved from showing compliance with the provisions of law governing actions against the municipality. By his complaint he alleged full performance of all conditions precedent to the institution of the action. He alleged a notice to appear for examination by the comptroller and that there was a stipulation fixing a date for his examination by the comptroller and he set forth the portion of the stipulation hereafter quoted. He did not allege any excuse for failure to appear on the adjourned date. Assumptions of fact not based on anything in the pleadings cannot be made. The first defense alleged and set forth the stipulation with its agreement that no suit " may be brought until after the expiration " of the time within which the comptroller could settle or adjust his claim. It was alleged that plaintiff failed to appear in accordance with the stipulation. Defendant by its answer did what was said had to be done in *Di Bartolo* v. *City of New York* (293 N. Y. 114, 118). In *Russo* v. *City of New York* (258 N. Y. 344) an infant was held bound to excuse her failure to appear for examination before she instituted her first action which had been dismissed. Her youth was held sufficient to permit the jury to say she was excused for not attending. The decision states the obligation is on a claimant to appear and be examined so that the comptroller can determine to adjust or pay (p. 347). That of necessity implies an obligation to attend during the thirty-day period allowed the comptroller to pay or adjust or refuse to do either. (See, also, *Fitzpatrick* v. *City of New York,* 220 App. Div. 320.) The burden is on plaintiff to excuse his absence if the stipulation was in force. (*Russo* v. *City of New York, supra; Fitzpatrick* v. *City of New York, supra.*) In *Di Bartolo* v. *City of New York (supra)* there was no default in appearance by the plaintiffs. They could have availed themselves under section 245-b of the Civil Practice Act of an application to serve a

supplemental complaint setting up the fact that they had been examined. The refusal or neglect to adjust could not, in that case, be attributed to any failure of those plaintiffs. Here the answer sets forth facts from which it could be found that the right to examine had not been waived.

In *Rice, Inc.,* v. *City of New York* (180 Misc. 860), relied upon below, the plaintiff by affidavit on a motion for summary judgment stated his reasons for not appearing which were held sufficient to defeat the motion. In the case at bar no reasons appear in the complaint or in the answer.

The order insofar as it grants the motion to strike out the second defense should be affirmed; insofar as it strikes out the first defense, unanimously reversed on the law, and motion to that extent denied, without costs in this court to either party.

MacCrate, Smith and Steinbrink, JJ., concur.

Ordered accordingly.